Curia.

The objection to the indictment is, that it contains no averment that the paper alleged to be forged was presented or delivered to any one, as a true or genuine acquittance or discharge for goods delivered in consideration thereof. This is not necessary at the common law, or under our statute. The false making, with intent to defraud, is the gist of the offence. (1) (a)
On the motion for a new trial, it is insisted that the paper, given in evidence to prove the forgery, is not an acquittance or discharge within the intent of the statute, and therefore did not prove the offence. But we are of opinion that the paper forged is rightly described. It purports to be an acknowledgment, by Eveleth if Child, that the goods delivered to the defendant were charged to Carpenter by his order; and this amounted, in law, to an acquittance or discharge of the defendant. (b)
Both the motions were thus overruled; but, from some palliating circumstances connected with the transaction, the Court were induced to continue the indictment, to await the effect of an application, on behalf of the defendant, to the supreme executive, for a pardon.

3 Inst. 169. — Ld. Raym. 1466. — 2 East, C. L. 938, 951, 954, 989. (a) 2 Russ on Crimes, pp. 317, 318.

 The words of the statute are, " any promissory note, order, acquittance, or dis charge, for or upon the payment of money, or delivery of goods.” It does not appear that the goods were ever charged to the defendant, and it is very difficult to imagine how the instrument set forth could be treated as an acquittance of discharge of any one. — Rex vs. Harvey, R. & R. 227