Totten, J.
delivered the opinion of the court.
The charge, preferred by indictment in the commercial and criminal court of Memphis, against the defendant, is, that he feloniously and fraudulently forged the following described order, to wit:
“Mr. J. G. Bostick: You will please to charge Mr. J. S. Humphreys’ account to us, up to this date. February 7, 1849. Twyman & Tannehill.”
The defendant being convicted, moved for a new trial, and his motion was overruled; he then moved in arrest, and judgment was arrested. From which judgment in arrest the State has appealed in error to this court.
The question of error arises upon the indictment: does it contain a good and sufficient charge of the offence? ' This will be answered by considering the nature of the offence, and in what it consists.
It is thus defined in our penal code: “Forgery is the fraudulent making or alteration of a writing to the prejudice of another’s rights.” This definition is derived from the common law; and it is a settled rule, that the counterfeiting of any writing, with a fraudulent intent, whereby another may be prejudiced, is forgery at common law. See Ward’s case, 2 East,P. C., ch. 19, s. 7, p. 861: 2 Russell *444 on Cr. 351; State vs. Smith, 8 Yer. Rep. 151. If the writing' counterfeited could be of no legal effect, if genuine, it is held that it would not be forgery. But it seems that this proposition must be taken with some modification. See 2 East P. C., chap. 19, sec. 43, p. 948; 2 Russell on Cr. 344.
Now, as to the form of the writing in question, we can see no objection to its validity if it were genuine. It is, in legal effect, an undertaking in writing to pay the debt of another. It does not state any consideration for the implied promise and undertaking, and need not state any. See Taylor vs. Ross, 3 Yer. R., 331; Campbell vs. Finley, 3 Hum. R., 330; Elman vs. Kibler, 5 Hum. R., 19,
The objection taken by counsel for defendant, that the promise would be void, because the consideration is a prior and existing debt, seems not to |be tenable. The paper purports to be an undertaking to pay the defendant’s debt. The acquittance and release of the debt to him, at the request of the drawers, would be a sufficient consideration to enable the creditor to recover on the order, if the transaction had been genuine and carried into effect.
Now, the offence may be complete by the mere forgery, with the fraudulent intent. It is not essential to the offence that some one has in fact been injured. It is sufficient that the instrument forged with the fraudulent intent might have been prejudicial to the rights of another. See 3 Gill & Johns. 220; Commonwealth vs. Ladd, 15 Mass., 526; Wharton’s Crim. Law, 340; 2 Russell on Cr., 362.
But it is evident that to give effect to the order and to authorise the imputation of a fraudulent design in making it, it must appear that said defendant was *445 indebted to said Bostick at the time. The order is not a general one for credit or other thing; but it is specifically is to charge defendant’s account up to that date to the writers. It could not be of any benefit to defendant or prejudice to the other parties, unless the defendant were indebted at the time to Bostick; and it could have no other effect, if genuine, but to discharge that indebtedness. This is an important and material ingredient in the description of the offence charged, and because there is no averment in the indictment of such’ indebtedness, we think it does not sufficiently charge the offence.
The judgment was, therefore, properly arrested, and we order the judgment in arrest to be affirmed. But as the verdict affords convincing evidence of the defendant’s guilt, we think it proper to order him to be remanded, that proper and legal proceedings may be 'had against him. Let the judgment be so entered.