Caruthers, J.,
delivered the opinion of the Court.
The conviction was for forging this written order. “Mr. J. R. Anderson, let Miller have three dollars in goods, and charge J. G-. King, July 27th, 1859.” The error assigned, is that the Court refused to arrest the judgment on the ground that the making of the instru *168 ment exhibited, did not constitute the crime of forgery in the law.
“ Forgery is the fraudulently making or alteration of any writing to the prejudice of another’s rightCode, 4718.
This would seem to cover the case clearly enough. An order in name of King to Anderson for three dollars worth of goods, is made without authority and for the fraudulent purpose of obtaining the goods of Anderson on the credit of King. His name is forged to bind him unlawfully, and for the benefit of the forger. So the rights of King or Anderson must be prejudiced if the object intended be accomplished, that is, the goods, obtained upon the paper.' Surely the plain common»sense of the thing, and the fair meaning of the language employed, and the object in view, can leave no doubt in the case.
But, it is said that the decision in the case of Walton vs. The State, 6 Yerg., 377, fixes the meaning of this law, and that the case before us falls within it. We are not disposed to yield to the authority of that case, if it must be understood to be similar to this. There is an intimation against it in Snell vs. The State, 2 Hum., 350. It was made at a time when technical objections operating as a shield for crime, were more indulged in than they are at the present day. The inclination now, both, of the Legislature and the Courts, is, not to screen the guilty, by artificial and unmeaning rules and distinctions, but to see that the law is enforced against the guilty.
This case includes every ingredient in the definition of forgery. It is said to be only a request, so are all or *169 ders, bills, drafts, and checks. It was not accepted by Anderson, and therefore neither he nor King, whose name was forged, was injured. That is not necessary to make out the offense. It is sufficient that the fraudulent intent existed, and that the injury might have resulted if his object had been accomplished: 2 Russ on Cr., 362; 15 Mass., 526; 10 Hump., 444. We think the indictment contains a perfect charge of- forgery in all its legal elements, and that the Court did not err in refusing to arrest the judgment.
The judgment is, therefore affirmed, and sentence of three years’ confinement in the Penitentiary will be enforced.
In another case against the same individual, the judgment was arrested, and the State appealed. There is no-difference in principle between the cases, but they were passed upon by different Circuit Judges, who differed as to the authority of the case of Welton vs. The State, before cited. The indictment in this last case, was predicated upon an order in these words:
“ Mr. Pile & Taylor let Hinry Hale have to. shirt and oblige yours May 27, 1860.
“McJ. Gallahar.”
There can be no doubt, if we are right in the other case, that this must be reversed, and judgment pronounced here on the verdict of the jury, and this will be done, and the sentence of three years’ imprisonment enforced.