## STATE v. PHILIP SHELTERS.

*Forgery.   Indictment.   Gen. Sts. c. 114, s. 1.*

.A writing in the common form of a receipt, for money paid as part of the pur-
chase-money of a farm, is an *acquittance* within the meaning of s. 1, c. 114, Gen.
Sts., providing for the punishment of those who alter, forge, or counterfeit acquit-
tances or discharges for money or other property.

An indictment in two counts for altering, forging, and counterfeiting such a receipt,
set out the receipt in full, but alleged no dealings between the respondent and the
receiptor showing that the receipt could have been used to defraud, nor that
the receipt alleged to have been altered was ever delivered to the respondent as an
acquittance, or ever held by him as such. *Held,* that allegations of extrinsic facts
were necessary only where the operation of the instrument on the rights of another
was not apparent from the instrument itself; and that allegations such as were
wanting in the indictment were unnecessary.

THIS was an indictment for forgery in two counts.   The first
count alleged that the respondent had in his possession a cer-
tain acquittance for money of the following tenor:

$54.84.                              NEWPORT, Sept. 13, 1871.
      Received of Philip Shelters fifty-four $\frac{84}{100}$ dollars on account, to ap-
ply on payment on the farm I now live on.      DUDLEY HOLBROOK.

That afterwards the respondent wittingly, falsely and deceit-
fully altered the acquittance by making, forging and changing the
figure *1* in the date thereof to the figure *2,* by inserting before the
word *fifty* the words *five hundred,* and by adding after the word
*on* the words and figures, *it is part of the purchase money which I
am to deed to him when* 2000 *is paid which is the purchase money;*
and that the acquittance was thereby made to read as follows:

$554.84.                              NEWPORT, Sept. 23, 1871.
      Received of Philip Shelters five hundred fifty-four $\frac{84}{100}$ dollars on ac-
count, to apply on payment of the farm I now live on.   It is part of the
purchase money which I am to deed to him when 2000 is paid which is
the purchase money.                      DUDLEY HOLBROOK.

The second count alleged the wilful, false and deceitful forging
and counterfeiting of an acquittance such as the one set out in the
first was alleged to have been after it was altered.

State *v.* Shelters.

Each count alleged that the act therein alleged was done with intent to injure and defraud, &c.

The respondent demurred to the indictment for that the instrument therein set forth was not an acquittance; for that it was not alleged that it was ever delivered to the respondent as an acquittance, nor that the respondent ever held it as such; and for that there was no allegation of any dealings between Holbrook and the respondent, whereby it appeared that the instrument could have been used to defraud Holbrook.

At the February Term, 1878, the court, REDFIELD, J., presiding, overruled the demurrer, *pro forma*, and adjudged the indictment sufficient, to which the respondent excepted.

*H. C. Wilson, L. H. Thompson,* and *H. S. Royce,* for the respondent.

The writing in question was not an acquittance within the meaning of s. 1, c. 114, Gen. Sts. 1 Bouv. Law Dict. tit. Acquittance; 1 Swift Dig. 299; 1 Shep. Touch. 347; *Commonwealth* v. *Lawless,* 101 Mass. 32; *Commonwealth* v. *Ladd,* 15 Mass. 525; 2 Parsons Cont. 555. And see Slade's Sts. c. 31, s. 19.

The indictment was defective in not alleging that the writing was delivered to the respondent as an acquittance, or that the respondent held it as such; and in not alleging dealings between the respondent and Holbrook from which it might appear that the receipt could have been used to defraud Holbrook. 2 Am. Crim. Law, 1499.

*W. R. Rowell,* State's Attorney, and *Crane & Alfred,* for the State.

*Acquittance* and *receipt* are synonymous, and in criminal proceedings have ever been held so. 3 Chit. Crim. Law, 1077; Whart. Proced. Ind. 283; Archb. Crim. Pl. 303, 304; *Rex* v. *Martin,* 7 C. & P. 549; *Regina* v. *Houseman,* 8 C. & P. 180; *Regina* v. *Atkinson,* 1 Car. & M. 325; *Commonwealth* v. *Ladd,* 15 Mass. 526.

The indictment is not obnoxious to criticism on the other points made.

The opinion of the court was delivered by

DUNTON, J.   I.   The instrument set forth in the indictment is in form a receipt for money paid to apply towards the purchase-money of a farm ; and the first question arising upon the demurrer is, whether it is also an acquittance or a discharge, within the meaning of s. 1, c. 114 of the Gen. Sts., on which the indictment is founded.   The statute in question prescribes the punishment for forging, among other written instruments, "any acquittance or discharge for money or other property."   Unless this receipt is an acquittance or a discharge for money, the forgery of it is not punishable under s. 1, c. 114 of the Gen. Sts., nor has it been punishable, by statute, since the adoption of the Revised Statutes of 1839.   From Slade's Compilation of the Statutes in 1824, to the adoption of the Revised Statutes in 1839, the forgery of " any acquittance or receipt for money, goods, or other property " was punishable by statute.   But in the Revised Statutes the word " discharge " was substituted for " receipt," and the word " goods " omitted ; and the law has remained the same ever since. We think it is apparent from the old statute and the amendment, that the Legislature understood a receipt to be included either in the term acquittance or discharge ; for it is hardly supposable that the Legislature intended, by the amendment of 1839, to exclude the forgery of a receipt for money or other property from the operation of the statute, so that it would not thereby be punishable.   The word acquittance, although perhaps not strictly speaking synonymous with receipt, includes it.   A receipt is one form of an acquittance ; a discharge, another.   It is not questioned but that a receipt in full is an acquittance.   Why, therefore, is not a receipt for a part of a demand or obligation an acquittance *pro tanto ?*   We are aware that lexicographers do not fully agree as to this ; but, in legal proceedings, a receipt is regarded as an acquittance.   See 2 Bishop Crim. Law, s. 557 ;   *Rex* v. *Martin,* 7 C. & P. 549 ; *Regina* v. *Houseman,* 8 C. & P. 180 ;   *Regina* v. *Atkinson,* 1 Car. & M. 325 ; *Com.* v. *Ladd,* 15 Mass. 526 ; Wharton Preced. Ind. 383.

II.   It is also claimed that the indictment is defective for the reason that it contains no averment of any transactions or deal-

ings between the respondent and Holbrook from which it appears that the receipt could have been used to defraud ; nor any averment that the original receipt was ever delivered to the respondent as an acquittance or discharge, or held by him as such.   But such averments are unnecessary.   Extrinsic facts are required to be set forth or stated, only when the operation of the instrument upon the rights  or  property of another is not apparent from the instrument itself.   Such is  not  the case with  the  instrument in question.   Its effect upon the rights of Holbrook is apparent from the instrument itself.   The intent to defraud is the gist of the offense charged ; and this must not only be alleged in the indict- ment, but proved.   See *Snell* v. *The State*, 2 Humph. 347 ; *Rex* v. *Martin*, *supra ;*  2 Bishop  Crim. Proced. s. 366 ;  2 Bishop Crim. Law, ss. 354, 355 ; 2 Wharton Crim. Law, s. 1487 ; *Com.* v. *Ladd*, *supra ; People* v. *Stearns*, 21 Wend. 409.

The intent to defraud is sufficiently  alleged, under our statute, although the person  or  party intended to be defrauded is not named.   See s. 8, c. 114, Gen. Sts.

The judgment of the County Court, overruling the demurrer and adjudging the indictment sufficient, is affirmed, and the cause remanded to be proceeded with.