TYLER HAWKINS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where an indictment charging a person with forgery by altering an order, describes substantially the order, stating the names of the parties to it, and that it was for the payment of four dollars and twenty-two cents, one half in trade and the other half in money, and states that the four dollars and twenty-two cents was written in figures, to-wit: "4.22;" and states the alteration of the figures, and then alleges that the order "is in the words and figures following," setting out the order in

full in its altered condition, the indictment shows that the order alleged to have been altered was a written instrument.

2. An indictment charging forgery by the alteration of a written instrument need not allege that the order was presented to and delivered to the payee, or that he had it in his possession, nor that it was presented to, accepted or paid by the drawee, or that the payee received payment.

3. It is not necessary to the crime of forgery that injury should have resulted to any one; the intent to defraud is the essence of the offense in this regard.

4. Where there is an entire failure to prove the venue, the judgment in a criminal cause will be reversed on writ of error.

5. In the taxation of costs against the State in the Supreme Court, entries appearing in the transcript that have no connection with the cause will be excluded as improper charges against the State.

Writ of Error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion of the court.

*J. C. Gallaher* for Plaintiff in Error.

The *Attorney-General* for Defendant in Error.

RANEY, C. J.:

The indictment charges "that Tyler Hawkins, late of said county, laborer, on the 30th day of November, A. D. 1886, at and in the county, circuit and State

aforesaid, with force and arms, with intent wilfully and wickedly to injure and defraud one David Jones, one order given by said David Jones to one H. K. Lewin for the payment to him, said Tyler Hawkins, four dollars and twenty-two cents, written in figures, to-wit : 4.22, one half in trade, and one half in money, did then and there forge, by altering the figures and changing them from 4.22 to 5.72, and that the said H. K. Lewin did pay the said sum of five dollars and seventy-two cents, and charged the same to said David Jones' acct., as requested, which said order is in the words and figures following, to-wit: 'Mr. H. K. Lewin, please let Tyler Hawkins have 5.72, half trade and half money, and charge to my acct., and oblige,

No'er 30, 1886.           David Jones.'

So the jurors aforesaid, upon their oath aforesaid, do say that the said Tyler Hawkins, at the time aforesaid, and in the county, State and circuit aforesaid, did commit the crime of forgery, by altering order, etc., to the injury of David Jones, against the peace and dignity of the State of Florida, and contrary to the form of the statute in such cases made and provided."

There was a trial before a jury at the "Winter term" of the Circuit Court for Suwannee county, in February last, resulting in a verdict of guilty, and thereupon the accused moved in arrest of judgment and for a new trial, and both motions having been overruled and sentence pronounced, he obtained a writ of error.

The errors assigned are the overruling of these motions.

The points made in support of the former of these motions relate solely to the indictment, and are as follows: 1. That the indictment is vague, indefinite and insufficient in that it does not allege facts sufficient to warrant a conviction; 2. That the order is not alleged to have been drawn on H. K. Lewin by David Jones, payable to Tyler Hawkins. That this should have been fully and distinctly alleged; 3. That the indictment does not allege that the order was drawn on Lewin by Jones, payable to Hawkins, was then and there presented and delivered to Hawkins; 4. That the indictment does not allege that the order was presented by Hawkins to Lewin for payment, and that the latter accepted and paid the same in the county of Suwannee, and State of Florida; 5. That the indictment does not allege that the order was ever delivered to Hawkins, or that he ever had it in his possession; nor that he ever presented the order and received payment.

The preceding paragraph is the substance of the entire brief filed by counsel for plaintiff in error as to the motion in arrest of judgment. No authorities are referred to by him.

The second and subsequent of these five points must be regarded as specifying the grounds of complaint against the indictment for vagueness and indefiniteness and for insufficiency of any kind.

Supreme Court Rule 15. Our understanding of the

second point is, that it means that the indictment does not allege that the order was written.    One of the definitions of the word " draw " is, "to write in due form, to prepare a draft of, as to draw a memorial, a deed or a bill of exchange."   Webster's Dictionary.   This is the only definition of the word applicable to it in the connection in which it is used in this case, and hence our conclusion as to the meaning of counsel.   If this indictment does not allege, either expressly or by the use of words whose known meaning conveys the same idea, that there has been the making or alteration of *a written instrument*, forgery is not charged.    A written instrument, within the legal meaning of the expression as applicable to offenses, is an essential element of the crime.    There cannot be forgery of oral statements, whatever may be their purpose or character.    No use is made of the word "drawn" in the indictment, nor is there any express allegation that the entire order was written, or a written instrument. There is, however, an express statement that part of the order, as it was originally, was written in figures. The words " one order given by said David Jones to one H. K. Lewin for the payment to him, said Tyler Hawkins, four dollars and twenty-two cents, written in figures, to-wit:   4.22, one half in trade and one half in money," were intended as a description of the order as it was before it was altered.    The meaning of this description is, that it was an order made by Jones in favor of Hawkins for the amount stated, payable one half in trade, and one half in money, and that the order

was to, or drawn on, Lewin. We do not think that the words "given by David Jones to H. K. Lewin," mean that any order was actually delivered to Lewin by Jones, but that an order of that character indicated by the remainder of these describing words, was given by Jones, and that it was an order on or to Lewin. Conceding that there is nothing in this description effectual to show that any part of this order other than the "4.22" was in writing still we think that this description and what follows in the indictment are sufficient to show that it was in writing. Having given this description and stated what alteration was made the indictment then proceeds to describe the order in its altered condition, and says, in effect, that it, at the time of the finding of the indictment, is in the following words and figures, giving them as stated in the indictment as set out above. To say that an order is in the following words and figures, means nothing else than it actually exists in the form of such words and figures, and this is nothing less than saying that it is a written instrument of such words and figures for it cannot exist or be in or of such words and figures except as a written instrument. Reading the two descriptions together, or taking the indictment as a whole, we think that the only reasonable conclusion to be drawn is, that it charges the alteration of a written instrument. If we are prepared to say that the terms "order * * for money or other property," as used in the forgery statute (sec. 1, p. 377, McClellan's Digest) imparted of themselves a known class of written instruments, as do

many of its terms, such as promissory notes, deeds, wills, letters of attorney, this discussion would have been unnecessary.

We do not perceïve that the absence of an allegation that the order was presented and delivered to Hawkins, or that he had it in his possession, or that it was presented by Hawkins to Lewin for payment, or that the latter accepted and paid the same, or that Hawkins received payment is material. There is a sufficient allegation that Hawkins altered the order materially and with the requisite criminal intent, and that the order was a written instrument of the character described, and that it was made by Jones, and it is not pretended that the order as described is not the subject of forgery. It is not necessary that any injury should have resulted to any one; the intent to defraud is the essence of the offense in this regard. Commonwealth vs. Ladd, 15 Mass., 526; State vs. Wooderd, 20 Iowa, 541; Bish. Crim. Law, vol. 2, secs. 523 and 602; 8 Am. and Eng. Encyc. of Law, 457, 459. There was no error in refusing to arrest the judgment.

There was also a motion for a new trial on the ground that the testimony was not sufficient to warrant the verdict. The testimony fails entirely to show that the offense charged was perpetrated in Suwannee county. The evidence shows that the original order was written there, but the defendant is not mentioned, either in connection with the order, or otherwise, as being in

that county at any time prior to the trial, nor excepting the writing of the order, is that county referred to in any statement of witnesses concerning the order. There is an entire failure to ¡ rove the venue, even under the liberal rule announced in Andrews vs. State, 21 Fla., 598; Warrace vs. State, 27 Fla.; 8 South. Rep., 748. The bill of exceptions purports to give all the testimony given on the trial, and there must on account of this failure to prove the venue, be a new trial. Evans vs. State, 17 Fla., 192.

There have been copied into the transcript of the record a great many entries that have no connection with this cause, and the clerk in taxing the costs will omit all entries subsequent to the presentation of the indictment which do not relate to the case. Such entries are not legitimate costs, and the State cannot be properly charged with them. We have had occasion before to correct errors of this character, and are satisfied that it is our duty to call the matter to the attention of attorneys and officers of the courts, and thus arrest an erroneous practice.

The judgment will be reversed, and a new trial granted.