ARCHIE MILLER, *alias* HENRY HARPER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 2, 1916.

1. An indictment for forgery of a bank check is not fatally defective in calling the check set out in full an order for money.

2. A conviction for forgery will be set aside when there is no
   evidence that the party accused ever had possession of the
   forged instrument, or that he could write at all.

Writ of Error to the Circuit Court, Palm Beach
County; H. Pierre Branning, Judge.

Judgment reversed.

*Gordon R. Broome,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,*
Assistant, for the State.

COCKRELL, J.—This is a writ of error to a judgment
of conviction of the crime of forgery. The indictment al-
leges the forgery to consist in counterfeiting the name of
the ·payee in a check.

A· motion in very general terms to quash the indict-
ment was interposed and overruled. While the indict-
ment mày lack the certainty required by the Common
Law, we think it sufficiently charged the crime to satisfy
the requirements of our law. The instrument is set out
in full and shows itself to be a check on a bank, and the
fact that the pleader also styled it an order for money
does not vitiate the indictment. Reading the whole in-
dictment it appears with sufficient clearness that the
crime consisted in forging the payee's name by endorse-
ment on the check, and this was the case sought to be
made by the State at the trial.

The evidence gives us greater concern. It is not
shown that the accused cashed the check, and only by a
remote probability that he had the check in his posses-
sion. The State attempted to prove the handwriting by

a deputy sheriff. The court ruled out writings that the accused made at the preliminary trial before the committing magistrate, and we find nothing else in the record to prove that this witness ever saw any writing of the accused. There is testimony that the witness had intercepted letters and notes sent from the jail by the accused where he was being held awaiting trial, but the witness does not testify that he saw this man write them. In fact putting aside the testimony stricken by the court there is no proof that he could write at all.

We are, therefore, unwilling to sustain a conviction upon this evidence, and the judgment is accordingly reversed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

WHITFIELD, J., absent on account of illness.