Tom Wolf, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

## Opinion Filed Jan. 8, 1917.

1. A motion to quash an indictment which consists of more than one count should be denied if the indictment contains one good count.

2. An indictment will not be quashed for indefiniteness in its allegations, unless it is so vague and indefinite as to mislead or embarrass the accused in the preparation of his defense or subject him to the danger of a new prosecution for the same offense.

3. The right to peremptorily challenge jurors may be exercised until they are sworn in chief.

4. Evidence which is irrelevant, but prejudicial to the defendant, should not be admitted, and the admission of such evidence over the defendant's objection, constitutes reversible error.

5. An instruction which is based upon evidence which is irrelevant and prejudicial to defendant, and which is admitted over his objection, should not be given.

6. It is not error to refuse an instruction which is argumentative and which invades the province of the jury which is to determine what degree of credence should be placed upon the testimony of a witness.

Writ of Error to Circuit Court, Hernando County; O. K. Reaves, Judge *Pro Hac Vice*.

Judgment reversed.

*Davant & Davant* and *F. L. Stringer,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *Glenn Terrell,* Assistant, for the State.

ELLIS, J.—The plaintiff in error and Clara Varn were jointly indicted at the fall term of the Circuit Court for Hernando County for wilfully and maliciously administering poison to "three head of cattle" the property of Josiah S. Richardson. The indictment contained three counts. The first charged the defendants with administering the posion, the second charged that they exposed poisonous substance, to-wit, strychnine, with the intent that the same should be taken by the said animals, and the third count charged the plaintiff in error, hereinafter called the defendant, with willfully and maliciously administering the poison, and Clara Varn as being accessory before the fact. A severance was granted upon the application of Clara Varn, and Tom Wolf was placed upon trial at the Spring term, 1916, and convicted. A motion in behalf of both defendants to quash the indictment was

overruled.    This motion to quash did not attack the second count.    That count described the poison; but inasmuch as the first and second counts did not describe.the poison alleged to have been administered to the animals, counsel for the plaintiff in error insist that they were bad and the motion should have been granted.    The assignment of error based upon this order of the court is not well founded.    In the first place it is admitted that the second count is good, but the motion was directed against the "Indictment found against them and each and every count thereof," and not-confined to the two counts deemed to be imperfect.    See Sigsbee v. State, 43 Fla. 524, 30 South. Rep. 816.    Nor do we consider the two counts attacked by counsel in their brief, to be so vague and indefinite as to have embarrassed the accused in the preparation of his defense, nor so uncertain as to subject him to the danger of a new prosecution for the same offense. See Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Edwards v. State, 62 Fla. 40, 56 South. Rep. 401; 3962 Gen. Stats. 1906, Florida Compiled Laws, 1914.

A jury of six men was called and tendered to the defendant who accepted the panel so tendered, after which, but before the jurors were sworn to try the issues joined, the State Attorney challenged one of them, who was excused by the court and another called in his place. The panel as then constituted was tendered, but the defendant refusing to announce whether he accepted it or not, the jurors were sworn in chief.    There was no error in this proceeding.    The defendant had the right to a fair trial by an impartial jury.    There is nothing in the record to show that he did not receive it so far as this incident was concerned.    See Williams v. State, 45 Fla.

128, 34 South. Rep. 279; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; McRae v. State, 62 Fla. 74, 57 South. Rep. 348.

Many of the assignments of error rest upon objections and exceptions to the admission and rejection of evidence. We have carefully examined the evidence and the court's rulings upon the objections interposed to the reception of certain testimony. We think that error was committed in some of the rulings and illegal testimony admitted, over defendant's objection, to his prejudice.

It seems from the evidence that Mrs. Varn had a dairy business. She lived in Brooksville and owned a pasture some distance out of town adjoining a field owned by J. S. Richardson in which he kept certain cattle. The defendant Tom Wolf, a boy of about fifteen years of age, was employed by Mrs. Varn and lived in the house occupied by her in town. Several head of cattle owned by J. S. Richardson became sick and showed symptoms of poisoning. These cattle were on the farm adjoining the Varn pasture. John Stevens carried on farming operations on the Richardson farm. When the cows died, he put the part of the contents of the stomachs of two of them in bottles and sent them to J. S. Richardson, and the stomach of the other cow Mr. Stevens had frozen and delivered to Mr. Richardson. Upon analysis, the contents of the stomach and the bottles showed the presence of strychnine. Mrs. Varn's house in town and the barn and other houses on the premises were searched and a bottle containing strychnine was found. During the taking of testimony Mr. Richardson was permitted, over defendant's objection, to testify that he had trouble with Mrs. Varn about the farm owned by Richardson. Martin R. Lee, a witness for the State, was permitted, over objection, to testify to a conversation he had with Mrs.

Varn regarding the Richardson farm, in which Mrs. Varn was said to have threatened to get Richardson off the place one way or another. J. W. Springstead, another witness for the State, over defendant's objection, testified that Mrs. Varn in a conversation with him threatened Mr. Richardson and his property, and offered to hire the witness to get Richardson off the place, saying "I wouldn't care even if you had to kill him." If this evidence was not admissible against the defendant Tom Wolf, it was reversible error to admit it, because it was most prejudicial in its effect. The boy, an employe of Mrs. Varn, living at her house and looking after her cattle, might have in the jury's opinion been influenced largely by Mrs. Varn's feelings toward Mr. Richardson, to expose the poison either upon his own initiative or at her request. The testimony above quoted may have induced the jury to believe that Mrs. Varn made the request of the boy and that he complied therewith. It is not shown that at any of the conversations mentioned the boy was present. It cannot reasonably be said that because Mrs. Varn desired to remove Mr. Richardson from his farm and entertained for him strong feelings of animosity, that she therefore ordered the boy to kill the cattle, and that he consented to commit the crime. It cannot be presumed that the boy was tainted by Mrs. Varn's animosity towards Richardson, nor was he bound by her threats. The testimony was neither legally nor logically relevant, and its admission was error, for which the judgment should be reversed.

The Court gave the following instruction to the jury: "Testimony has been given bearing upon the feeling of one Clara Varn, who is jointly indicted with this defendant, but who is not now on trial by reason of a severance having been granted, toward Josiah Richardson, the

owner of the cattle. If you believe from the evidence that the said Clara Varn prompted by malice toward said Josiah Richardson, wilfully procured the defendant to administer poison to the said cattle or to expose strychnine as charged in the indictment or assisted him in so doing and that the defendant sharing the malice of said Clara Varn and prompted by a like malicious motive, wilfully administered poison to the said cattle or wilfully exposed strychnine with intent that the same should be taken and swallowed by said cattle as charged in the indictment, then defendant would be guilty. Whether the defendant did share the malice of the said Clara Varn, if she had malice toward Richardson, and to what extent, if at all, the defendant shared such malice and was influenced thereby, is for you to determine from the evidence." From what has been said regarding the error in admitting certain testimony, it follows that this charge was erroneous.

The evidence as to what the witnesses found on the Varn premises was admissible. The house of Mrs. Varn was the home of the defendant and that the witnesses discovered certain articles there was a circumstance to be considered by the jury.

The instruction requested by the defendant as to the alleged confession made to Eddie McIver, was correctly refused by the court. It was argumentative, sought to destroy the credibility of the witness, invaded the jury's province, and was otherwise objectionable.

For the errors pointed out the judgment is reversed.

BROWN, C.J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.