W. C. Minger, *Plaintiff in Error*, v. The State of Flor-
ida, *Defendant in Error*.

Division A.

Opinion Filed January 19, 1926.

*A. D. Carmichael* and *Walter Kehoe*, for Plaintiff in
Error;

*J. B. Johnson*, Attorney General, and *J. B. Gaines*, As-
sistant for the State.

Brown, C. J.—The transcript of the record in this case presents but one question, the sufficiency of the indictment, the court having overruled motion to quash. The bill of exceptions was presented and signed after the expiration of the time allowed by the order of the court and under the rule long since adopted in this jurisdiction, where this fact affirmatively appears from the bill of exceptions itself, this bill cannot be considered by the court, although no motion to strike the same has been made by the opposite party. See Potsdamer v. State, 17 Fla. 895; Webster v. Barnett, 17 Fla. 272; Bush v. The State, 21 Fla. 569; Jackson v. The State, 84 Fla. 646. The indictment in this case was in two counts. The motion to quash the indictment was overruled. The defendant was found guilty under the second count of the indictment. A motion to quash the entire indictment consisting of more than one count is properly denied if either count be good. Sigsbee v. The State, 43 Fla. 524, 30 So. 816; Wolf v. The State. 72 Fla. 572, 73 So. 740. The second count in the indictment reads as follows: "And the Grand Jurors aforesaid upon their oaths aforesaid, do further present that W. C. Minger on the 25th day of May, in the year of our Lord One Thousand Nine Hundred Twenty-three, at and in the county and state aforesaid, did upon the back of a certain paper in writing of the tenor following, to-wit:

Bonifay, Fla. 5-23-1923     No. 22

The Bank of Bonifay     63-143

Pay to the order of   Lucy E. Grayson     $80.46

Eighty and 46/100......................... Dollars

For..................     C. R. Mathis, Agent.

unlawfully, falsely and feloniously make, forge and counterfeit an endorsement thereon in the following words, to-wit, "Lucy E. Grayson," with the intent to injure and

defraud C. R. Mathis and some person or persons to the Grand Jury unknown.''

That the motion to quash the indictment was properly denied is well established by the decisions of this court. Smith v. The State, 29 Fla. 408, 10 So. 895; Miller v. The State, 71 Fla. 338, 71 So. 280; Akin v. The State, 86 Fla. 564; 98 So. 609. The ''certain paper in writing'' is set out in the indictment and shows itself to be a check on a bank, which is in effect an order for money within the meaning of Section 5206 of the Revised General Statutes. The indictment as a whole shows with sufficient clearness that the crime charged consisted in forging the endorsement of the payee's name on the check. This was sufficient to advise defendant fully as to his defense, and to enable one of common understanding to know what was intended and to enable the court to pronounce the proper judgment in case of conviction. There is nothing here showing a tendency to mislead the defendant or to embarrass him in the preparation of his defense, or that would subject him to the danger of a new prosecution for the same offense.

The judgment is therefore affirmed.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.