This cause came on in due course to be considered by the court, and upon inspection of the record we find what purports to be a bill of exceptions that does not appear to have been signed during a term of the court at which the verdict was rendered or trial had, or signed by virtue of a special order allowing a further fixed time for settling same as provided by rule 97. The verdict was rendered on December 6, 1929, and the certificate of the presiding judge to the alleged bill of exceptions recites that "on the 20th day of August, 1930, after the expiration of said term, by virtue of a privilege of appealby writ of error (not special order herein made) propose this his bill of exceptions" etc. No copy of the order is set out in the record, nor is it made to appear when, if such an order was made, or how much time was allowed for settling a bill of exceptions.
 "The bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. In case such special order is made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record." Rule 97, Circuit Court — Law.
 "The statutes of the State and rules governing the circuit courts of the State provide the manner and time of making up and filing a bill of exceptions, so that it may become a part of the transcript of the record brought to the appellate court by writ of error. Unless the statutes and the rules governing the preparation and authentication of bills of exceptions are complied with, the *Page 835 
attempted bill of exceptions is a nullity and cannot be considered by the appellate court. Smith v. State, 20 Fla. 839; Myrick v. Merritt, 21 Fla. 799; Picket v. Bryan, 34 Fla. 38, 15 South Rep. 681; Jacksonville St. R. Co. v. Walton, 42 Fla. 54, 28 South Rep. 59. It is the duty of the plaintiff in error to have the bill of exceptions properly prepared as the rules direct and duly authenticated as required by section 1696 of the General Statutes during the progress of the cause or within the time allowed by an order duly made and entered under Rule 97." Montgomery v. State, 54 Fla. 73, 76, 45 So. 813, 815; Reed v. State, 94 Fla. 32 113 So. 630.
 It has been held here that:
 "If a party desires appellate review of matters in pais, not a part of the record proper, such as rulings of the court on the admission and rejection of testimony, the giving and refusing of charges to the jury, motion for new trial, etc., he must bring such matters before the appellate court by a bill of exceptions secured in the lower court upon compliance with the requirements of the statutes and rules of court governing such matters." Reed v. State, 94 Fla. 32, 41, 113 So. 630, 634.
It has also been held by this Court that if bills of exceptions are not presented and signed within the time prescribed by law, they do not become a part of the record even though copied into the transcript, and cannot be considered by the appellate court, although no motion to strike the same is made by the opposite party. Reed v. State, supra; Minger v. State, 91 Fla. 79, 107 So. 416.
Since there is no copy of an order in the record nor recital in what purports to be the bill of exceptions showing that extra time was allowed after the adjournment of court for settlement of a bill of exceptions "what occurred in pais at the hearing of this cause is not properly nor *Page 836 
authoritatively nor legally certified to this Court." State v. Merritt, 86 Fla. 164, 169, 99 So. 230, 232, and other Florida cases therein cited.
In the transcript of the record we find eighteen assignments of error, each one of which call for a review of the sufficiency of the evidence or relate to rulings upon the admission or rejection of evidence or to the giving of, or failure to give, charges on certain points.
In this case no motion for a new trial was made. Without a duly authenticated bill of exceptions being made a part of the record and evidencing to this court a motion for a new trial and ruling thereon, the giving of or failure to give certain charges and exceptions duly taken thereto and rulings upon the admission or rejection of evidence, we cannot consider assignments of error questioning the sufficiency of the evidence to sustain the verdict, the propriety or impropriety of giving or failing to give charges to the jury or the correctness of the rulings of the court upon the admission or rejection of evidence.
The judgment of the trial court is presumed to be correct and to have been entered in accordance with the essential requirements of the law. State v. Merritt, supra.
No error appearing in the record proper, the judgment is affirmed.