G. W. MURRAY v. STATE.

173 So. 437.

Opinion Filed March 29, 1937.

R. B. *Moseley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error in this case brings for review judgment of conviction under two counts of an information, one charging forgery of a bank check, the check being copied in the information *in haec verba;* the second count charging the uttering of the forged written instrument.

The plaintiff in error contends first that a bank check is not within the purview of Section 5206 R. G. S., 7234 C. G. L. The question has been settled in this jurisdiction adversely to the contention of the plaintiff in error certainly since the filing of the opinion in the case of Miller v. State in 1916, 71 Fla. 339, 71 Sou. 280; and in Minger v. State, 91 Fla. 79, 107 Sou. 416; we held in terms:

"A check drawn on a bank is in effect an order for money within the meaning of Section 5206 of the Rev. Gen.

Stats., and hence subject to forgery under the provisions of said section."

The second contention is that because evidence showed that the check, before it was uttered, first appeared to have been made payable to Stanley Motor Company and, before being uttered, was changed to be payable to Brooks-Gillespie Motors Company, that a fatal variance is shown. The check, as set out in the information reads:

"The FLORIDA NATIONAL BANK
　　"Jacksonville, Florida, Aug. 3, 1935.
"Pay to the order Brooks-Gillespie Motors Inc. $10.00
　Ten and_____no/100_____Dollars.
"No. 9　　　　　　　　　　　　　J. B. Stormes."

The record shows that this is the check which the defendant uttered as a good and valid check of the person whose name appeared to have been signed thereto and the evidence is convincing that the accused both forged and uttered the check. The record shows that the accused took the check to the place of business that had been operated under the name of Stanley Motor Company and, upon finding that Stanley Motor Company had changed hands to Brooks-Gillespie Motors, Inc., he authorized the employee of Brooks-Gillespie Motors, Inc., to change the name of the payee from Stanley Motor Company to Brooks-Gillespie Motors, Inc., representing and pretending that J. B. Stormes, whose name was signed to the check, had signed the check and given it to him for the purpose of buying automobile parts at this place of business. The accused received about $3.00 worth of automobile parts and about $7.00 in money. It was definitely shown that Stormes did not either sign or authorize the check and the jury was warranted in concluding that the accused forged the check and uttered it.

The information charged that the accused forged the check "with intent then and there to defraud J. B. Stormes and divers other persons whose names are to your informant unknown." The preparing and signing of the check and the authorization of 'the change of the name of payee of the check was all *res gestae* of the forgery and the forgery was completed when the accused had caused the check, or order for money, to be in such language and condition that he could utter the same to the damage of Stormes.

In Harrell v. State, 79 Fla. 220, 83 Sou. 922, we held:

"The offense of forgery consists of a writing in such form as to be apparently of some legal efficiency, and evil intent of the sort deemed in law fraudulent in the mind of the accused and a false making of such writing."

And further in the same case, we said:

"In uttering a forged instrument the offense consists of the knowledge on the part of the accused that the instrument is false and intent to injury or defraud another by asserting that the instrument is true."

In Hawkins v. State, 28 Fla. 363, 9 Sou. 652, we held:

"It is not necessary to the crime of forgery that injury should have resulted to anyone; the intent to defraud is the essence of the offense."

The last contention of plaintiff in error is that the judgment should be reversed because the court pronounced two sentences on the defendant under a general verdict of guilty. It is true that the court did pronounce two sentences, but the court pronounced those sentences in such manner that they amount to only one sentence and, therefore, no harmful error was committed. The evidence was sufficient to support a verdict of guilt on either or both counts of the information. The jury returned a general verdict of guilty as charged in the information. The court

adjudged the defendant to be guilty of the offense of forgery and of uttering the forged instrument, and thereupon imposed a sentence of imprisonment at hard labor in the State Penitentiary for a period of three years as to the first count and "as to the second count three years to run concurrently with the sentence in the first count." So the result is the same as it would have been, had the court only sentenced the accused on one count of the information.

The judgment should be affirmed and it is so ordered.

WHITFIELD, TERRELL, and BROWN, and DAVIS, J. J., concur.