SWANN, Judge.
This case has had an extensive appellate history.[1] In its last appellate appearance, the Supreme Court held that a retailer was not liable for a breach of implied warranty in the sale of a bottle which broke and caused damage to the purchaser, Rose M. Foley.
The case finally came on for trial against Revlon, Inc., for an alleged breach of warranty and against Owens-Illinois Glass Co., Inc., the manufacturer, on theories of breach of warranties and negligence.
Plaintiff’s counsel examined a juror, Adams, on voir dire, and finding him to be acceptable as a juror, tendered the entire jury panel to the defendants. Counsel for defendant Revlon then asked these questions :
******
“[COUNSEL]: Have you had either in your family or in your own life any experience which would cause you to lean one way or another in the trial of a case such as this?
*629 “MR. ADAMS: Sometimes, like this case and accident cases, I think the request of money made by the people injured is ridiculous. They want everything for nothing.
“[COUNSEL]: Will you sit as a fair and impartial juror and try this case on its own merits, on its own two feet, and apply the law which His Honor gives you?

“Will you perform that duty fairly to all parties?

“MRS. STEEN: Yes.
“MR. ADAMS: Yes.
“[COUNSEL]: Did you hear my questions to the other gentlemen about sympathy in the case?

“Will you divorce sympathy from your verdict if the Court instructs you to do so?

“MR. ADAMS: Y es; I don’t have any either way." (All emphasis supplied) .
******
Various other questions were asked and the following discussion between the attorneys and the trial judge then took place:
******
“[COUNSEL (for defendant, Revlon, Inc.)]: The defendant Revlon tenders the jury.
“[COUNSEL (for plaintiffs)]: Wait a minute.
“[COUNSEL (for defendant, Revlon, Inc.) ] : We are not going to have an argument. You have tendered the jury.
“THE COURT: The jury is now tendered. It is now the turn of Owens-Illinois Glass to inquire.”
* * * * * *
Argument which was not reported and is not in the record on appeal, occurred outside the hearing of the jury. The record then reveals the following:
******
“THE COURT: Motion to reopen is denied.
“[Counsel], you may inquire.
“[COUNSEL]: Defendant. Owens-Illinois Glass tenders the jury.
“THE COURT: Mr. Clerk, swear the jury. ;
“(Thereupon, the jury was sworn to try the case.)
“[COUNSEL (for plaintiffs)]: Your Honor, with respect to my motion to reopen voir dire before the jury was sworn, I would like a further opportunity to examine the jurors. I asked Mr. Adams whether he had any feeling about awarding money damages for personal injuries and, .at the time, he answered no and I tendered the jury relying on his answer.
“I would • like to have a further opportunity to question him concerning what he meant by his answer ‘It seems some people in asking for money want money for nothing.’ I think his remark may have prejudiced the entire jury panel. His subsequent answer casts a different picture on it.
“THE COURT: Motion denied.”

It is conceded that the plaintiffs had not exhausted their peremptory challenges during the questions to the jury panel, and that no peremptory challenge or challenge for cause was ever made to the juror, Adams. It further appears that no such peremptory challenge was even attempted. Counsel for plaintiff merely attempted to reopen the voir dire.
The propriety of reopening the voir dire has been held to rest in the sound judicial discretion of the trial court. In *630 Mizell v. New Kingsley Beach, Inc., Fla.App.1960, 122 So.2d 225, the court stated:
* * * * * *
“It is the settled law of this state that any decision of the trial judge with respect to the qualifications and conduct of jurors rests largely within his discretion. He must possess the authority to reasonably control the scope of voir dire examination if the trial is to progress in an orderly and expeditious manner. Rulings of the court restricting the examination of jurors on voir dire will not be invalidated by a claim of prejudice grounded solely upon speculation or conjecture.”
* * * * * *
The claim of prejudice in the instant case is grounded solely upon speculation or conjecture, as the record does not reflect the reasons of the trial judge in arriving at his ruling.
Appellants have failed to show an abuse of discretion by the trial judge in denying their motion to reopen the voir dire.
Appellants also contend that the trial judge erred as a matter of law because his ruling was not based upon exercise of his “discretion” but rather upon an erroneous belief that the law did not permit a reopening of the voir dire examination after tender of the jury. The record does not clearly support this argument and the case is therefore controlled by Mizell, supra.
Able counsel for both parties have vigorously argued the question of whether the right to make a peremptory challenge any time before the jury is sworn, which exists in criminal trials,[2] also extends to civil cases.[3]
Inasmuch as no attempt was made to exercise a peremptory challenge in the instant case, this specific question was never ruled upon by the trial court judge. The question is not properly before us, therefore, and we do not express any opinion on it at this time.
For these reasons, the final judgment herein appealed is
Affirmed.

. Foley v. Weaver Drugs, Inc., Fla.App.1962, 146 So.2d 631; Foley v. Weaver Drugs, Inc., Fla.1964, 168 So.2d 749; Foley v. Weaver Drugs, Inc., Fla.App.1965, 172 So.2d 907; Foley v. Weaver Drugs, Inc., Fla.1965, 177 So.2d 221.

. Wolf v. State, 72 Fla. 572, 73 So. 740 (1917); Mann v. State, 23 Fla. 610, 3 So. 207 (1887); O’Connor v. State, 9 Fla. 215 (1860).

. Section 913.04, Florida Statutes, F.S.A.; Section 54.11, Florida Statutes, F.S.A.