WARNER, J.
In appealing the final judgment in favor of the insurance company in an underin-sured motorist claim, appellant raises three issues. First, she claims that the court erred in precluding her counsel from reopening voir dire to ask additional questions relevant to the suit. We conclude that the court did not abuse its discretion where counsel had a full opportunity to examine the jury, and appellant has not made any showing of prejudice. Second, she alleges that the court abused its discretion in excluding part of her expert’s medical opinion. We conclude that the court did not abuse its discretion in limiting that part of the expert’s opinion, arrived at only two weeks before trial. Finally, she raises as error the court’s overruling of her objection to the defendants making reference to facts outside the evidence in closing argument. We summarily reject that issue as any error was harmless. We therefore affirm and address the first two issues.
Otis Stephens was involved in an accident with an underinsured motorist where Stephens struck a vehicle making a left turn across his path. Stephens’s car sustained minimal damage, and Stephens did not require medical attention.
Three days after the accident, Stephens went to see a chiropractor, complaining of pain in his head, neck, and back. The chiropractor diagnosed Stephens with a herniated disk. Two days later, Stephens returned, complaining of neck pain, vomiting, nausea, and headaches. Ten days later, he returned with slurred speech and short term memory loss. At this point the chiropractor referred him to a neurologist.
Beatrice, Stephens’s ex-wife, took him to see the neurologist because of his difficulties with walking and vision. Stephens’s condition continued to deteriorate over the next week, and he was examined by a neurosurgeon who performed x-rays that revealed a disk herniation. When his symptoms continued to increase, the doctor sent him for further tests at the hospital.
A round of tests revealed that Stephens had contracted a rare form of meningitis. By this time, he was incoherent and was unable to walk, talk, control his bowels, or sit up. Notwithstanding emergency treatment, he remains totally blind, cannot walk or control his bowels, and has short and long-term memory loss. He is one-hundred percent functionally disabled.
On behalf of Stephens, Beatrice filed suit claiming damages from the automobile accident against Stephens’s insurance company, Auto-Owners. She claimed damages based upon his injuries from the accident, which she contended included the meningitis. At trial, an accident reconstruction expert testified that he believed the forces were sufficient for Stephens to have hit his chest on the steering wheel. According to Stephens’s medical expert, Dr. Reifsneider, the impact of Stephens’s body on the steering wheel could have caused the meningitis to occur by releasing an infection in his body. Prior to the accident Stephens had a lesion in his lung that contained Cryptococcus, a fungus. The doctor opined that it was encapsulated and dormant. When the accident oc *324 curred, the infection was released from its shell and dispersed throughout Stephens’ body, causing the meningitis and his ensuing disability.
The court refused to permit Dr. Reifs-neider to testify to a theory that he developed only two weeks prior to trial. The theory was that the accident delayed the diagnosis of the meningitis because the doctors attributed Stephens’s symptoms to injuries caused by the accident rather than meningitis. This theory was also based upon the notion that the accident’s force caused the release of the encapsulated fungus. However, Beatrice was allowed to read to the jury the defense expert’s testimony, in which he suggested that if the accident had not happened the diagnosis of cryptococcal meningitis would have come to the attention of the doctors earlier, as the symptoms related to the accident misled the doctors.
The defense contended that Stephens was not injured in the accident at all. They called an accident reconstruction expert who testified that given the forces involved in the accident, Stephens did not hit the steering wheel. Their own infectious disease expert, Dr. Larson, testified that the Cryptococcus fungus could not be encapsulated within Stephens’s body, and the car accident had nothing to do with Stephens’s development of meningitis. He also testified that there was no support for the theory that post-accident trauma affected the disease. Finally, he testified that the car accident did not cause a delay in diagnosis, because meningitis is a rare disease that is difficult to diagnose.
Prior to submitting the case to the jury, the court directed a verdict determining that Grant, the underinsured driver, was negligent in operating his vehicle. On the verdict form, the jury was asked, “Was the negligence on the part of the defendant, Leopold Grant, a legal cause of loss, injury, or damage to the plaintiff, Otis Roosevelt Stephens?” The jury answered the question with “No” and the court therefore entered a final judgment in favor of Auto-Owners Insurance.
Beatrice’s first issue on appeal involves voir dire. Beatrice conducted an extensive voir dire prior to tendering the jury to the defense. Upon tendering the jury, the court took a recess for lunch. When the court reconvened, Beatrice requested permission to reopen her voir dire to ask several questions regarding the believability of a low impact collision triggering catastrophic injuries. The court denied Beatrice the right to reopen her voir dire.
“The propriety of reopening the voir dire has been held to rest in the sound judicial discretion of the trial court.” Foley v. Revlon, Inc., 200 So.2d 627, 629 (Fla. 3d DCA 1967). In Foley, after the plaintiff tendered the jury the defense asked the potential jurors whether they had any life experiences that would cause them to lean in one direction or the other. One juror responded, “Sometimes, like this case and accident cases, I think the request of money made by the people injured is ridiculous. They want everything for nothing.” Id. Upon further questioning, the juror responded that he would judge the parties fairly. The plaintiff moved to reopen voir dire and the court denied the motion. The plaintiff responded that the juror’s statement may have prejudiced the entire jury panel and the court again denied the motion.
The third district affirmed, relying on the holding in Mizell v. New Kingsley Beach, Inc., 122 So.2d 225 (Fla. 1st DCA 1960), that rulings of the court restricting voir dire will not be invalidated by a claim of prejudice grounded solely upon speculation or conjecture. Foley, 200 So.2d at *325 630. Mizell grounded its holding on the fact that a trial judge needs the authority to reasonably control the scope of voir dire so that the trial may progress in an orderly fashion. 122 So.2d at 227.
In this ease, Beatrice has not shown that the jury panel demonstrated any potential bias or prejudice in favor of Auto-Owners. Her claim of prejudice appears to be predicated upon speculation or conjecture that she possibly could have demonstrated potential bias or prejudice. It was therefore clearly within the trial judge’s discretion to deny Beatrice’s request to reopen voir dire.
Turning to Beatrice’s second issue on appeal, during trial the court excluded Dr. Reifsneider’s opinion on delayed diagnosis of meningitis, as it was prepared only two weeks prior to trial when the doctor had been retained two years prior to trial and had given depositions on his opinions at least twice. Although we believe that the trial court did not abuse its discretion in excluding the opinion in that the court concluded that it would prejudice Auto-Owners in its trial strategy to allow this lately formed opinion, see Grau, v. Branham, 626 So.2d 1069 (Fla. 4th DCA 1993), we conclude that any error in its exclusion was harmless. The jury found that the accident was not a legal cause of any injury to Stephens. Therefore, it rejected the evidence that Stephens was injured in the accident at all, and all of Dr. Reifsneider’s theories depended on some impact in the accident causing injury to Stephens. Thus, no harmful error occurred.
Affirmed.
GROSS and MAY, JJ., concur.