Peck, Judge,
delivered the opinion of the court. It is charged in the indictment, “that Jonathan Hill, a certain bond, writing obligatory, bill of exchange and promissory note for the payment of money, falsely purporting to be genuine from a certain Daniel Ireland, then and there did feloniously cause, and procure to be made, altered, forged and counterfeited” — here the note is set out and the indictment proceeds — “ did feloniously and falsely make, alter, forge and counterfeit; — and feloniously and falsely, then and there did cause and procure the' said •bond, -writing obligatory, bill of exchange and promissory note for the payment of money &c. against the form of the statute.”
There is no plea or issue on the record, though it appears that the defendant was present in court and a jury sworn, who found this special verdict: “That on the 3d day of April 1822, in the county of Williamson, the accused sold land to Daniel Ireland for $>465, to be paid in instalments at stated periods. That the note, on which the indictment is founded, was executed at'the time and place aforesaid, in part payment for the land. That Ireland was an illiterate man, that the accused wrote the note, with the other notes for the consideration money in presence of the said Ireland and the subscribing witness, and read it, together with the other notes, over to the prosecutor in the hearing of the subscribing witness. That he the accused had written the note ip question for $100, when it should have been written for $65, and that it was, by the accused falsely and fraudulently, read over as a note for $65, when in fact it was written for $100— and that it was done with a view to defraud and injure the said Daniel &c.”
*77 On this special finding the circuit court gave judgment against the prisoner, from which judgment this writ of error is prosecuted. Waving for the present the form of the indictment, and want of plea and issue, let us inquire, if the facts found constitute the olfence of forgery.
Forgery, at the common law, is the falsely making a note or other instrument with intent to defraud. The definition implies that there must be an act done, or procured to he done, to constitute this offence. The above definition is taken from 2 Leach Crown law 785, — where the author says “a note or other instrument may he falsely made, either by putting on it a name of a person who does not exist; or by putting on it the name of one in existence without his consent, or by altering it &c.” Here the accused has put no name to the instrument; hut it is found by the special verdict, that he wrote the note for the wrong sum and then induced the signing by a false reading — still it was the real signature of the person; and all that can be said is that he was cheated, by a false representation of the accused. This, though a cheat, was not a forgery.
In Woodward’s case (Leach Cr. law 783,) a'soldier was induced to sign his own name to a fabricated country bank note; though done knowingly and for the purpose of fraud, it was held no forgery; and the court, immediately on hearing that it was the real signature of the prisoner, said that he must of necessity be acquitted, for that being signed by his own name it could not be a false instrument, and therefore not a forgery.
The case relied upon is that in 3 Inst. 170 — margin— “if any person writcth the will of a sick man, inserting a clause concerning the devise of any lands and tenements which he had in fee simple, falsely without any warrant or direction of the divisor — albeit he did not forge or falsely make the whole will. Yet he is punishable by the statute 5 of Elizabeth &c. as has often been held in the starfchamber.”’ There is evidently an ambiguity in the language used by Lord Coke in this place, for it is not expressed where the insertion of the clause was made. *78 But this is explained in 3d Dyer 288 a, in Sir John Mor-vin’s case; “it was moved, for a douht,if one, who writes the will of a man lying mortally sick, insert a clause or article in the will, after the testator is speechless and without memory, and he did not command the writer beforehand to put in the article or clause — whether this be forgery under the statute &c. — and it was agreed and resolved by the best opinion then, that it was not, nor was it the intention of the makers of said law.”
I quote this at large to shew that it must be a making or an alteration of the instrument, without the consent of him who would purport to have made it.
But it cannot be pretended that any false bond uttered to induce a real signing of an instrument, can make a forgery under our statute — see East 850 sec. 5 — because the party himself signed this deed, prima facte it is his bond; and to avoid it from the facts found, he must,under the law, plead a special non est factum; to wit, must confess that he did seal the instrument, but that he was induced to it by the false reading, and therefore not his deed.
I am of opinion that the facts found make out nothing more than a cheat, for which the party might have been and yet ought to be indicted.
For these reasons and the want of an issue in the case the judgment must be reversed.
Whyte, Judge, concurred.
Haywood contra on the first point — accord on the second.
Judgment reversed.