WARREN SCARBOROUGH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 22, 1921.

1.  Where either by common law or by statute, certain instruments such as deeds, bonds, tickets, tokens for the payment of goods, etc., are required to be in writing, the term "writing" includes printing and stamping as well as script.

2.  Where the evidence is not sufficient to support a verdict, the judgment will be reversed.

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Judgment reversed.

*W. T. Bludworth*, for Plaintiff in Error;

*Rivers H. Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

BROWNE, C. J.—The assignments upon which plaintiff in error relies for reversal are: (1) Defects in the indictment; (2) the admission in evidence of the check alleged to

have been forged and uttered; (3) the insufficiency of the testimony to sustain the verdict.

1. The only attack upon the indictment that we can consider, is the omission of the word "feloniously" from each count therein.

Section 6065, Revised General Statutes, 1920, provides: "It shall not be necessary to allege in an indictment that the offense charged is a felony, or felonious or done feloniously, nor shall any indictment or complaint be quashed or deemed invalid by reason of the omission of the words 'felony,' 'felonious' or 'feloniously.' " See also Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220; McCaskill v. State, 55 Fla. 117, 45 South. Rep. 843.

2. There is no merit in the contention that the check alleged to have been forged should not have been admitted in evidence on the ground of a variance between it and the one describd in the indictment. The objection to its ad· missibility was because "the indictment says 'a certain check in writing on paper;' and this check is not in writing, the most part of it is in print."

The indictment charged that the accused "did unlawfully, falsely forge and counterfeit a certain check for money in writing on paper." The check introduced in evidence over the objection of the defendant was partly printed and partly written.

Section 4674, Revised General Statutes of Florida, 1920, in relation to negotiable instruments provides that, " 'Written' includes printed and 'writing' includes print."

The New Standard Dictionary gives as one of the defi· nitions of writing, "A written instrument: words, or characters that stand for words or ideas, traced on some

substance, as paper, wood, or stone, with an implement, as a pen, pencil, or brush, or by some other device, as stamping, printing or engraving." This definition is sustained by the case of Benson v. McMahon, 127 U. S. 457, 8 Sup. Ct. Rep. 1340, where the subject is fully discussed, and we content ourselves with one citation therefrom: "The great increase in the use of printing for all forms of instruments, such as deeds, bonds, tickets, tokens for the payment of goods, etc., have seemed to demand that where, either by the common law or by statute, such instruments are required to be in writing the term 'writing' should be held to include printing as well as script."

(3) A careful review and consideration of the evidence satisfies us that it is not sufficient to support the verdict, and for that reason the jurgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.