76 So.2d 645 (1954)
Johnny Clendell GREEN, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
December 21, 1954.
James W. Cotton, and Frank Poling, Gainesville, for appellant.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
*646 HOBSON, Justice.
Appellant, Johnny Clendell Green, was informed against for forgery, a jury found him guilty as charged, and he appeals from judgment entered upon this verdict.
At the trial, one Robertson, a Gainesville jeweler, testified as a witness for the State that appellant Green had come to his place of business and represented that he (Green) had organized a baseball team known as the "Gainesville All Stars", and that if Robertson would contribute funds for the purchase of a uniform, his name would be written across the back of it for advertising purposes. Robertson gave Green the check set out in the information, made payable to "Gainesville All Stars". The check was later returned to the drawer, endorsed "Gainesville All Stars, Jimmy Smith  325 S.W. 8 Ave." Under this was the endorsement of the A & P Food Stores.
A statement was placed in evidence wherein appellant admitted that he had received checks from Robertson and other merchants by representing that he had organized, or was going to organize, a baseball club, that he had lost all of the money so obtained by gambling, and that he had never organized the club or bought equipment. He asserted that his "permanent residence" was 578 Oak Street, Daytona Beach.
The endorsement quoted above had been written upon the check by appellant Green. The name "Jimmy Smith" was admittedly fictitious.
At the trial, other Gainesville merchants besides Robertson testified that appellant had obtained checks and money from them by means of substantially the same representations he had made to Robertson. Several checks growing out of these transactions were introduced in evidence by the State. Included were checks endorsed "Gainesville All Stars, Ed Smith, 631 N.W. 4th St."; "Gainesville All Stars, Jimmy Williams"; and "Gainesville All Stars, Jimmy William". The endorsement was followed in each instance by the endorsement of "Butler's Super Market". These checks and the testimony of witnesses pertaining to them related to transactions not covered by the information, but the admission of such evidence was proper for its bearing upon intent, since the charge was forgery. Smith v. State, Fla., 59 So.2d 625; Sinclair v. State, Fla., 46 So.2d 453; Pittman v. State, 51 Fla. 94, 41 So. 385, 8 L.R.A., N.S., 509.
The only question here presented is whether or not the facts of this case make out the crime of forgery, with which appellant was charged.
In considering the question, it may be helpful at the outset to restate some general principles. Our forgery statute, F.S. § 831.01, F.S.A., makes whoever "forges" documents of specified classes "with intent to injure or defraud any person" liable to a maximum of ten years' imprisonment. This statute does not repeal the common law, but merely enlarges the offense, Hepburn v. Chapman, 109 Fla. 133, 149 So. 196. A check drawn on a bank, as here, is comprehended by the statute, Sinclair v. State, supra, 46 So.2d 453; Murray v. State, 127 Fla. 593, 173 So. 437; Minger v. State, 91 Fla. 79, 107 So. 416. Endorsement of a check may also be the subject of forgery, Smith v. State, supra, 59 So.2d 625; Minger v. State, supra.
By the better-reasoned authority at common law it is not forgery to obtain another person's signature on an instrument by means of false and fraudulent representations as to the purpose for which the instrument is to be used. See Commonwealth v. Sankey, 22 Pa. 390, 60 Am.Dec. 91; Cox v. Watkins, 149 Kan. 209, 87 P.2d 243; Pure Oil Co. v. Swindall, Tex.Com. App., 58 S.W.2d 7; Hill v. State, 9 Tenn. 76, 24 Am.Dec. 441; Reg. v. Collins, 2 Mood. & R. 461; Clark and Marshall on Crimes (5th Ed. 1952) Sec. 399(f), p. 563; 37 C.J.S., Forgery, § 11, page 40. Thus the immediate transaction between appellant Green and Robertson, the jeweler, whereby Robertson gave Green the perfectly valid check payable to "Gainesville All *647 Stars", can be eliminated from consideration as a basis for forgery, except for its bearing upon the later act of appellant Green.
We turn next to consider the effect of Green's endorsement of the check in the manner described. We have no hesitation in accepting the reasoning of the U.S. Court of Appeals for the Fourth Circuit and the authorities cited and discussed by that court in Greathouse v. U.S., 170 F.2d 512, 513, wherein it was held on common law principles that a check was not forged when, with intent to defraud, it was drawn on a bank in which the appellant, J.W. Greathouse had no funds, and signed "`Woodruff Motor Sale, Inc., J.W. Greathouse'", the named corporation being entirely fictitious. Greathouse had presented several checks, drawn on a Texas bank and signed in this manner, to a South Carolina bank, representing that "Woodruff Motor Sale, Inc. was one of the oldest and largest used car concerns in Texas and was worth a million dollars." The South Carolina bank was defrauded in the aggregate sum of $22,500, as a result of having honored these checks, but the court held that the act of Greathouse, while undoubtedly criminal, did not constitute forgery, because to be forgery "there must be the making of a writing which falsely purports to be the writing of another" and "a false assertion of authority to write another's name, or to sign his name as agent, by which a person is deceived and defrauded is not forgery." 170 F.2d at page 514. These principles made it plain, said the court, that Greathouse was not guilty of forgery, even though "`Woodruff Motor Sale, Inc.'" was "merely the name of a non-existent corporation." Acknowledging that forgery can be committed by the use of a fictitious name, Lyman v. State, 136 Md. 40, 109 A. 548, 9 A.L.R. 401 and note, the court held the rule inapplicable when "the name is signed by the defendant himself under the pretense that he has been authorized by an existing person to sign his name." Id.
Applying these principles to the instant case, we must conclude that if the appellant Green had endorsed the check upon which the information was based "Gainesville All Stars, Johnny Green", he could not properly have been held guilty of forgery. This conclusion is helpful for its effect in further isolating the problem before us: Was forgery committed by the act of Green in using the false name "Jimmy Smith"?
The case of Milton v. U.S., 71 App.D.C. 394, 110 F.2d 556, is in point. In that case, one Quantrille, a defendant, had endorsed a stolen check, which was already endorsed in blank, by writing thereon the fictitious name "James Conroy". It was argued that Quantrille's act in writing the name "James Conroy" could not have defrauded or prejudiced anyone, since the instrument was bearer paper when Quantrille received it. Although the check was negotiable by delivery, the court stated, 110 F.2d at page 561:
"But it does not follow that the writing of the name James Conroy thereon could not have operated to the prejudice of another. On the contrary, such a result might have been a natural and probable consequence. Not only might such an act have greatly hindered and delayed the person from whom the check was stolen in tracing and recovering it, but subsequent holders, treating the endorsement as genuine and valid, as they were entitled to do, had the right to rely upon the apparent liability of an additional endorser."[1]
Thus, even making, arguendo, the assumption most favorable to the appellant Green that can be made, namely, that the Robertson check was bearer paper because knowingly made out to a fictitious payee, F.S. § 674.11(3), F.S.A., the reasoning of the *648 Milton case would still render Green's act forgery.
Appellant contends that the requisite "intent" has not been made out in the instant case and that it has not been proved that his intent in using the fictitious name "Jimmy Smith" was to deceive the transferee as to his true identity. This brings us to consider the nature of the "intent" required under our forgery statute, F.S. § 831.01, F.S.A., and emphasizes the peculiar applicability of the Milton case to the problem before us. Insofar as it pertains to the requirement of intent as an element of the crime of forgery, Title 6, D.C.Code 1929, Sec. 86, under which the Milton case [71 App.D.C. 394, 110 F.2d 560] arose is greatly similar in language and identical in meaning to F.S. § 831.01, F.S.A., under which the instant case arises. The critical language of Sec. 86 of the D.C.Code is "with the intent to defraud or prejudice the right of another * * *", whereas the analogous language of F.S. § 831.01, F.S.A., is, as we have previously noted, "with intent to injure or defraud any person * * *". In each case, this disjunctive phrasing represents an enlargement of the common law offense of forgery, in that it makes an intent to "prejudice" or "injure" (and we can see no substantial difference between the two words used in this context) sufficient for the crime of forgery, whereas at common law an "intent to defraud" was indispensable. In the instant case, even if it might be argued that no specific intent to defraud is established by the signing of the name Jimmy Smith and the fact that such signing was part and parcel of an underlying scheme to defraud is insufficient, it is still manifest that the intent "to injure" has been shown, and this is all that is required under the plain words of our statute. It is true that the Milton case involved a stolen check, and the prejudice there was to the owner of the check. In the instant case, however, the appellant Green in signing a fictitious name acted and intended to act to the injury of Robertson in making his own apprehension more difficult after his deceit was discovered. His intent to cover his tracks and thus "injure" those seeking to compel him to make restitution is abundantly proved by facts of record, including his assumption of several different names in the other transactions proved by the State. Added to this is the potential injury to subsequent holders of the check, which was pointed out in the Milton case and is equally true herein.
We hold that the crime of forgery was proved in this case, and the judgment appealed from is accordingly affirmed.
ROBERTS, C.J., and DREW and WEHLE, JJ., concur.
NOTES
[1] In support of the latter proposition, the court cites Title 22, D.C.Code, Sec. 97, which is identical with F.S. § 674.69, F.S.A., both sections providing that "Where a person places his indorsement on an instrument negotiable by delivery he incurs all the liabilities of an indorser."