WIGGINTON, Judge.
This is an appeal from a judgment and sentence adjudicating appellant, J. C. Harper, guilty of forgery. Defendant bases his appeal on the insufficiency of the evidence to support the verdict.
It appears that defendant was arrested and incarcerated on the charge of driving a motor vehicle while intoxicated and without a valid operator’s license, both offenses being committed in the presence of the arresting officer. Upon interrogation, defendant falsely represented that his name was Ernest Davis, which in fact was the name of his brother-in-law. Based upon his false representation, the affidavit executed by the officer specifying the charges against defendant named the person charged as Ernest Davis, as did the warrant which was served upon him.
Shortly after defendant was committed to jail, an agent for a local bonding company appeared and prepared an appearance bond which was signed by defendant in the name of Ernest Davis. It was by the furnishing of this bond that defendant secured his release without disclosing his true identity.
After his release, defendant failed to appear in court on the return date specified in his appearance bond, which failure resulted in the bond being estreated. Thereafter defendant’s true identity became known to the law enforcement officials, and it was then that he was informed against by the county solicitor for forgery of the appearance bond. The information on which he was prosecuted described defendant as Ernest Davis alias J. C. Harper.
At trial defendant frankly admitted that he represented himself to the arresting officer as-Ernest Davis, although he had never before -been known or referred to by that name. ■ The evidence reveals that at the time of defendant’s arrest his true identity was unknown -to the officer. In fact, defendant admitted that he gave a false name *461 to the arresting officer for the purpose of concealing his true and correct name from the record.
Our statute provides that whoever falsely makes, offers, forges or counterfeits a public record or bond or order for money with intent to injure or defraud any person shall be liable to a maximum of ten years imprisonment.[1] An appearance bond executed in connection with a criminal prosecution is within the contemplation of the statute.
 To constitute forgery, there must be the making of a writing, which falsely purports to be the writing of another, with an intent to defraud.[2] Thus the question arises: Was forgery committed by Harper by falsely representing himself to be and in using the name of his brother-in-law, Ernest Davis, when signing the bond. There can be little doubt that Harper made a writing (his signature on the bond) which falsely purported to be the writing of Ernest Davis, the person whom Harper represented himself to be.
Appellant contends that since he was informed against in the name of Ernest Davis, alias J. C. Harper, and signed the bond in the presence of the bonding company agent under the alias which he assumed and by which he was described in the information, his act does not constitute forgery. He cites in support of this proposition a decision by the Supreme Court of Louisiana.[3] It is noted, however, that contrary to the case now under consideration, -there was in this case no evidence tending to establish that the defendant’s use of an alias in executing the questioned document was falsely represented to be the writing of another. Such argument likewise ignores the fact that here, the forgery was committed by Harper weeks before the information describing him by an alias was filed.
Appellant’s contention that his unlawful act of falsely representing himself to be his brother-in-law was for the primary purpose of concealing his true identity, and thus executing the appearance bond in the name of Ernest Davis was only incidental to the primary purpose, is not persuasive. The evidence established that the so-called incidental act of signing the name of Ernest Davis was for the purpose and had the effect of injuring or defrauding another.
We are of the view that the facts in this case are for all practical purposes analogous to those in the Green case decided by our own Supreme Court.[4] It was there held that the defendant’s endorsement of a check in a fictitious name constituted the offense of forgery under our statute. The principle announced there would apply with equal force to this case in which Harper executed the appearance bond in the name of his brother-in-law, Ernest Davis.
Appellant’s contention that the State failed to prove that his execution of the appearance bond was done with intent to injure or defraud another is likewise without support in the record. The evidence is undisputed that appellant failed to appear on the return date of the bond which resulted in its estreature, and consequently imposed liability upon the bonding company which had no lawful recourse against the real Ernest Davis. In fact, it was only through further police investigation that the true identity of appellant was established. In the Green case it was held that the defendant’s endorsement of a check in a fictitious name had the effect of injuring the maker by rendering defendant’s apprehension more difficult after his deceit was discovered. The defendant’s intent to cover his tracks and thus to injure those seeking to compel him to make restitution was established by the facts in that record.
*462 We are of the opinion that the reasoning in the Green case applies with equal force to the case now reviewed.
The judgment appealed from iá accordingly affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. F.S. § 831.01, F.S.A.

. Green v. State, Fla.1954, 76 So.2d 645, 647, 49 A.L.R.2d 847; Greathouse v. U. S., 4 Cir., 170 F.2d 512.

. State v. Melson, 161 La. 423, 108 So. 794.

. Green v. State, supra note 2.