TILLMAN PEARSON, Judge.
The appellant was found guilty, after a non-jury trial in the Criminal Court of Record for Dade County, Florida, of uttering a forged instrument in violation of section 831.02 Florida Statutes, F.S.A. Judgment and sentence were entered, and defendant’s motion for new trial was denied. On this appeal, the appellant urges that the evidence was insufficient to support the conviction. We agree and reverse.
 It has been established in Clark v. State, Fla.App. 1959, 114 So.2d 197, 80 A.L.R.2d 261, that a conviction under this section of the statute must be based upon proof (among other elements) of the fact that the instrument uttered was false or forged. On the present appeal, the State relies upon the principle that proof of the falsity of the instrument may be presumed from proof that the maker of the instrument is a fictitious person. See cases collected at 49 A. *232 L.R.2d 852, 876. We find that this principle, as applied to this case, will not avail the State because there is no adequate pi'oof in the record that the maker of the instrument is a fictitious person.
The State relies solely upon the statement of its investigating officer that he was unable to locate the named business establishment. This proof is insufficient because: first, the extent of the investigation is not revealed; and secondly, the record affirmatively shows that the business establishment named had an account in the named bank at a time prior to the date upon which the alleged offense was committed.
The judgment and sentence are reversed.
Reversed.