PEARSON, Judge.
These appeals, which were briefed and argued together, are by two appellants, Thomas D. Folk and Alfred Liquari. After a joint non-jury trial, they were convicted in the Criminal Court of Record in and for Dade County, Florida as follows: Appellant Folk was found guilty of uttering a forged instrument. .(Fla.Stat.196S, § 831.02, F.S.A.) [1] appellant Liquari was convicted of forgery (Fla.Stat., § 831.01, F.S. A.) [2] and uttering.a forged instrument.
*46 The two points presented challenge the sufficiency of the evidence to support the conviction. The first point states that the signing of an alias does not constitute forgery where it is not intended that such signature be taken as the genuine signature of another person. The second point urges that an offense was not proved because the State failed to prove that the instrument had been falsely made or materially altered.
The evidence before the trial court reveals that Folk contacted Liquari in New York and offered to pay him ten per cent of the proceeds if Liquari would come with him to Miami and attempt to dispose of some travelers cheques. In the furtherance of this scheme, appellants came to Miami, registered under names other than their own, and attempted to cash some of the travelers cheques at a dog racing establishment in Dade County, Florida. They were apprehended before any cheque was cashed. In addition, the State presented evidence that the blank travelers cheques had disappeared in New York City during the process of transfer from an office of the company to a distributor, and that the company had placed the numbers on the stolen cheque list.
Appellants were first tried for receiving and concealing stolen property (the travelers cheques), and they were acquitted. The appellants argue that since the evidence was insufficient[3] to prove the cheques were stolen, it is insufficient to prove that the cheques were not genuine or that they had been falsely made. This conclusion does not follow. Proof that the cheques were stolen was not a prerequisite to the defendants’ conviction in this case.
The finder of fact was entitled to find from this record that the appellants did not assume the names [4] used for an honest purpose. The record supports a finding that the fictitious names were used as an instrument of fraud for the sole purpose of negotiating travelers cheques which the defendants knew they did not own. Cf. Edge v. United States, 5th Cir.1959, 270 F.2d 837; Hubsch v. United States, 5th Cir.1958, 256 F.2d 820. The conduct of the appellants is in no way consistent with an honest ownership of the travelers cheques. When the State had made its prima facie case, appellants failed to present any evidence which would be sufficient to go forward with the burden of showing an honest use of a fictitious name. See 37 C.J.S. Forgery § 80 a; Annotation at 49 A.L.R.2d 852 “Forgery Use of fictitious or assumed name”. Cf. Brooks v. State, Fla.App.1964, 168 So.2d 785.
In Green v. State, Fla.1955, 76 So.2d 645, 49 A.L.R.2d 847, the Court held that the use of a fictitious name in endorsing a cheque was a violation of the forgery statute. That case does not support the appellant’s conclusion that the acts in this case were not prohibited by section 831.01, Fla.Stat.1965, F.S.A.
The essence of the crime is the making of a false instrument with the intent to defraud or injure. Under the allegations and proof, that was done here in the fabrication of the signature of a real purchaser of these instruments by placing the name “Alfred Cardillo” thereon; since neither “Alfred Cardillo” nor Alfred Li-quari was a purchaser, the instruments were false, regardless of whether or not Cardillo and Liquari were merely two names for the same person. The fact that the same person may have signed the name “Alfred Cardillo” in both places upon each instrument would not lead to a different effect. In either instance, the signature actually made was represented, and intended, to be that of another party—a purchaser of the paper—for the fraudulent purpose of con *47 verting blank forms into negotiable instruments. See American Express Co. v. City National Bank, Tex.Civ.App.1928, 7 S.W.2d 886, 889; Berry v. United States, 5th Cir.1959, 271 F.2d 775.
The judgments and sentences are each affirmed.
Affirmed.

. Section “831.02 Uttering forged instruments. — Whoever utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in § 831.01 knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, shall be punished by imprisonment in the state prison * * *.”

. Section “831.01 Forgery. — Whoever falsely makes, alters, forges or counterfeits a * * * writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange or promissory note, or an order, acquittance, or discharge for money or other property * * * with intent to injure or defraud any person, shall be punished by imprisonment in the state prison * *

. By an agreement the same record was used at the subsequent trial for forgery and uttering a forged instrument.

. Thomas Daniel Polk used the name “Thomas Began”; Alfred Liquari used the name “Alfred Cardillo”.