210 So.2d 246 (1968)
William Julian FORBES, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-827.
District Court of Appeal of Florida. Third District.
May 7, 1968.
Rehearing Denied May 17, 1968.
*247 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
The appellant was found guilty by a jury, adjudicated guilty, and sentenced to a total of fifteen years in the State penitentiary upon two counts charging the possession of forged money orders and two counts charging the uttering of forged instruments. The appellant challenges the sufficiency of the evidence to support the verdict and the adjudication. We find the evidence in the record insufficient to establish the guilt of the appellant. We reverse the judgment and sentence.
The record shows the following:
One, a business establishment known as Curley's Market was the object of burglary.
Two, a money order machine and 16 blank money orders were stolen from Curley's Market in the burglary.
Three, two money orders which had been issued to Curley's Market, were negotiated by the appellant.
Four, the money orders negotiated by the appellant were not in the store after the burglary.
Five, it was not established that they had been in the store before the burglary.
Six, the appellant endorsed and used the two money orders as payments upon a delinquent account which existed prior to the burglary.
Seven, the appellant attempted to explain his possession of the two money orders by testifying that they were paid to him by the persons whose names appeared as the makers.
The State urges that the circumstantial evidence was sufficient to support a finding that the defendant was guilty of possessing forged money orders and uttering them as forged money orders and uttering them as forged instruments. But the rule has often been stated that in order to sustain a criminal conviction circumstantial evidence must be such that it excludes every reasonable hypothesis of innocence. Mayo v. State, Fla. 1954, 71 So.2d 899. One of the essential elements of the crimes of possessing or uttering a forged instrument is that the instrument possessed or uttered be false or forged. Cf. Maura v. State, Fla.App. 1965, 181 So.2d 231. In the instant case there is no doubt the defendant negotiated the two money orders, but there is no evidence in the record to establish that they were forged. The circumstantial evidence is sufficient to raise the possibility that the two money orders were a part of the loot procured at the burglary of the market; but it does not make this possibility a fact since it is also sufficient to raise the possibility that the money orders had been regularly issued prior to the burglary. We therefore reverse and remand with directions to discharge the appellant.
Reversed.