274 So.2d 18 (1973)
John Edward RAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 71-953.
District Court of Appeal of Florida, Fourth District.
March 8, 1973.
*19 Charles W. Musgrove, Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, John Edward Rapp, was informed[1] against for the crime of uttering a forged instrument in violation of Fla. Stat. § 831.02 (1971), F.S.A., tried and convicted by a jury, adjudged guilty by he court and sentence imposed. He appeals. We reverse.
The evidence adduced at trial revealed that the defendant, John Edward Rapp, opened a checking account in the name of Grover Henry Leverette at a Titusville bank with a deposit of $100. Two days later, the defendant paid for groceries at a Titusville Winn-Dixie store with a check in the amount of $104.11. Later that same day, the defendant purchased additional groceries at another Winn-Dixie store which he also paid for with a check signed under the assumed name of Grover Henry Leverette. No identification or courtesy card was required of the defendant. Both checks were returned to the respective stores marked "insufficient funds."
On appeal we have for determination whether one who opens a checking account under an assumed name commits the crime of forgery by uttering worthless checks signed with the assumed name with intent to defraud the payee.
The crime of forgery requires the making of a writing, which falsely purports to be the writing of another, with an intent to defraud. Walters v. State, 245 So.2d 907 (Fla.App. 1971). The offense of forgery may exist even though the name used is an assumed or fictitious name, when it is shown that the assumed or fictitious name was used with intent to defraud. Green v. State, 76 So.2d 645 (Fla. 1954); Annot., 49 A.L.R.2d 852 (1956). However, the signing of a fictitious name is not forgery if it is not intended that such signature shall be taken as the genuine signature of another person. Greathouse v. United States, 170 F.2d 512 (4th Cir.1948); cf. Annot., 49 A.L.R.2d 852 (1956). Thus, where a person assumes a name and obtains goods by signing that name on a check, no forgery is committed so long as the check purports to be the very act of the person issuing it and not the act of another person. Hubsch v. United States, 256 F.2d 820 (5th Cir.1958); State v. Wilson, 168 La. 932, 123 So. 624 (1929); see Reg. v. Martin, 5 Q.B.D. 34 (1879).
In the case sub judice, while there was sufficient evidence of fraudulent intent, there was no evidence that the defendant intended that the signature of the assumed name be taken as the genuine signature of another person.
Accordingly, the state having failed to prove an essential element of the crime of forgery, the judgment is reversed and the sentence vacated and set aside.
Reversed.
OWEN, J., concurs.
REED, C.J., dissents, with opinion.
REED, Chief Judge (dissenting):
I would affirm on the authority of Green v. State, 76 So.2d 645 (Fla. 1954). See also 2 Wharton's Criminal Law and Procedure, § 630 at 405.
NOTES
[1] By the same information the defendant was charged with and found guilty of obtaining property in return for a worthless check  the same check involved in the instant appeal  in violation of Fla. Stat. § 832.05(3)(a) (1971), F.S.A. No appeal has been taken from the judgment and sentence entered on that conviction.