HOBSON, Acting Chief Judge.
Lee Harris McClendon was adjudged guilty of uttering a forged instrument in violation of F.S. § 831.02 F.S.A., based upon a jury verdict.
On appeal McClendon contends that the trial judge should have granted his motion for directed verdict on the ground that the evidence was insufficient to prove the offense charged.
The State’s evidence established that McClendon cashed a check drawn on Gulf Coast Cut-N-Sew, Inc., payable to David Peques, after endorsing the same as “Da,vid Peques” in the presence of the witness. There was no testimony, however, that the check was false or forged or that McClen-don knew that the check was forged. Neither was there any evidence that McClendon did not have authority to sign the name of David Peques, or that David Peques was a fictitious name.
One of the essential elements of the crime of uttering a forged instrument is that the instrument uttered is forged. Maura v. State, Fla.App.3d, 1965, 181 So. 2d 231; Forbes v. State, Fla.App.3d, 210 So.2d 246. The offense consists of the knowledge on the part of the accused that the instrument is false and the intent to injure or defraud another. Clark v. State, Fla.App.lst, 1959, 114 So.2d 197; Rapp v. State, Fla.App.4th 1973, 274 So.2d 18. The endorsement of a check may also be the subject of forgery, and the offense may exist even though the name used is an assumed or fictitious name, when it is shown that the assumed or fictitious name was used with intent to defraud. Green v. State, Fla. 1954, 76 So.2d 645; Cf. Rapp v. State, supra.
Unfortunately for the State, it had intended to prove some of the essential elements of the crime by presenting as a witness the former manager of the defunct Gulf Coast Cut-N-Sew, Inc., but was prevented from doing so because the witness had remained in the courtroom during the trial after the exclusionary rule had been invoked.
There was no evidence presented by the State to show that McClendon intended the signature of the assumed name to be taken as the genuine signature of another person; State v. Rapp, Fla.1973, 281 So.2d 193, and therefore the lower court erred in not granting McClendon’s motion for a directed verdict.
In view of our holding, we do not reach the other grounds of appeal.
The judgment appealed is, thereupon,
Reversed.
McNULTY and BOARDMAN, JJ„ concur.