404 So.2d 760 (1981)
The STATE of Florida, Appellant,
v.
Jorge ESCOBEDO, Appellee.
No. 80-1513.
District Court of Appeal of Florida, Third District.
September 8, 1981.
Rehearing Denied October 21, 1981.
*761 Janet Reno, State Atty., and Jerald S. Beer, Asst. State Atty., for appellant.
*762 Solomon & Mendelow and Harold Mendelow, Miami Springs, for appellee.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
HUBBART, Chief Judge.
The central question presented for review by this appeal is whether it is a forgery proscribed by Section 831.01, Florida Statutes (1979), for a person to make a false birth certificate with the name of a fictitious public office affixed thereto with intent to injure or defraud another. We hold that such an act constitutes a forgery of a public record under Section 831.01, Florida Statutes (1979), so long as: (1) the fictitious public office affixed thereto otherwise purports to be a genuine public office; and (2) the birth certificate is on its face of some apparent legal efficacy. We, accordingly, reverse the order under review which dismissed the information in this cause and remand for further proceedings.

I
The defendant Jorge Escobedo was charged by information with three counts of forgery [831.01, Fla. Stat. (1979)] in the Circuit Court for the Eleventh Judicial Circuit of Florida. Each count charged the defendant with the forgery of a certain certificate of birth bearing the name of the STATE REGISTRAR, presumably of THE STATE OF NEW YORK, as affixed thereto, with intent to injure or defraud a named undercover police officer and other persons to the state attorney unknown. The information, in turn, set forth in each count the allegedly forged birth certificates as follows:

*763 The defendant filed a sworn motion to dismiss the information under Fla.R.Crim.P. 3.190(c)(4) on the ground that there were no material disputed facts in the cause and that the undisputed facts did not establish a prima facie case of guilt against the defendant. The motion relied on the fact  conceded to be true by the state in its subsequently filed traverse  that there is no such public office in the State of New York as the State Registrar, the office being entirely fictitious.[1] It was urged by the defendant that he, therefore, could not lawfully be found guilty of forgery under Section 831.01, Florida Statutes (1979), as one cannot commit a forgery by making an otherwise false birth certificate if he affixes thereto the name of a fictitious public *764 office.[2] The trial court agreed and dismissed the information. The state appeals from this order, which appeal we have jurisdiction to entertain. § 924.07(1), Fla. Stat. (1979); see also Fla.R.App.P. 9.140(c)(1)(A).

II
"Our forgery statute, F.S. § 831.01, F.S.A., makes whoever `forges' documents of specified classes `with intent to injure or defraud any person' liable to a maximum of [five] years' imprisonment. This statute does not repeal the common law, but merely enlarges the offense." Green v. State, 76 So.2d 645, 646 (Fla. 1954). There are three essential elements to the crime of forgery under the above statute.
First, there must be "`the making of a writing which falsely purports to be the writing of another.'" Green v. State, 76 So.2d at 647; see also Rapp v. State, 274 So.2d 18, 19 (Fla. 4th DCA), cert. discharged, 281 So.2d 193 (Fla. 1973); Davis v. State, 111 So.2d 459, 461 (Fla. 1st DCA 1959). Central to this element is that the writing in its entirety must falsely purport to be the genuine writing of a third person  someone other than the accused  whether that third person is, in fact, a real person, Davis v. State, supra, or a fictitious person, Green v. State, supra; Folk v. State, 192 So.2d 44 (Fla. 3d DCA 1966). In this connection, the writing must not merely contain a lie; the writing itself must be a lie, a lie relating to the genuineness of the entire instrument. W. Lafave & A. Scott, Criminal Law 671 (1972); R. Perkins, Criminal Law 345 (2d ed. 1969). Moreover, the term "writing" as used here is not limited to handwriting but also includes typewriting, printing, stamping, and engraving. Scarborough v. State, 82 Fla. 304, 89 So. 805 (1921); R. Perkins, Criminal Law 342 (2d ed. 1969).
Second, "the instrument forged must be upon its face, were it genuine, of some apparent legal efficacy... ." King v. State, 43 Fla. 211, 31 So. 254 (1901) (syllabus by court, no. 2). On the other hand, "[a] mere brutum fulmen, on its face utterly valueless and of no binding force or efficacy for any purpose of harm, liability or injury to any one, cannot be the subject of forgery." Id. at 219, 31 So. at 254. Section 831.01, Florida Statutes (1979), sets out the instruments which may be the subject of forgery as follows:
"... a public record or a certificate, return or attestation of any clerk or register of a court, public register, notary public, town clerk or any public officer, in relation to a matter wherein such certificate, return or attestation may be received as a legal proof; or a charter, deed, will, testament, bond, or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange or promissory note, or an order, acquittance, or discharge for money or other property, or an acceptance of a bill of exchange or promissory note for the payment of money, or any receipt for money, goods or other property, or any passage ticket, pass or other evidence of transportation issued by a common carrier... ." [emphasis added]
Third, the writing must be made with a specific "`intent to injure or defraud any person.'" Green v. State, 76 So.2d at 646. "[I]t is not necessary to the crime of forgery that injury should have resulted to anyone; the intent to [injure or] defraud being the essence of the offense in this regard." Hepburn v. Chapman, 109 Fla. 133, 149 So.2d 196, 200 (1933). This element is satisfied when there is either an intent to injure [i.e., prejudice] another or an intent to defraud another. Green v. State, 76 So.2d at 648.

*765 III
Turning to the instant case, we have no difficulty in concluding that the defendant's actions herein constitute a forgery under Section 831.01, Florida Statutes (1979). All of the elements of forgery under the above statute are satisfied by the facts presented in this case.
First, it is clear that the defendant made a writing which falsely purported to be the writing of another. The defendant made out certain false birth certificates bearing the stamp of a purported official New York state public office. These instruments as stamped, purported to be genuine birth certificates executed and certified by a legitimate public office in New York. The fact that said office is, in fact, purely fictitious cannot, and does not, under the established law defeat this element of the crime. Indeed, it would be a strange rule which punished as forgery the making of false public records with requisite criminal intent only when the correct public office was affixed thereto. Fictitious, but official-sounding public office names affixed to purported public records, as here, may deceive the general public as much as do correct public office names affixed thereto, and certainly are capable of causing as much injury. We see no reason for making a distinction, as urged here, between those two types of purported public records. Both represent, in our view, false public records and both are punishable as forgery under the established law. See generally, Annot., 69 A.L.R.2d 1095 (1960); Annot., 49 A.L.R.2d 852 (1956).
Second, the instrument forged is clearly covered by Section 831.01, Florida Statutes (1979), as a public record having on its face an apparent legal efficacy. True, the birth certificates herein are certified by a non-existent public office in New York, but to the reasonable observer they look quite legitimate and apparently valid. Indeed, the certificates use public office titles  "Department of Health," "Bureau of Vital Statistics," "State Registrar"  bearing a strong similarity to the actual public offices in New York which register birth certificates, to wit: the New York State Department of Health and the Registrar of Vital Statistics. See footnote 1, supra. Moreover, the certificates are not valueless documents on their face  "a mere brutum fulmen"  to the careful eye. On the contrary, these certificates, if genuine, clearly have considerable legal significance in acquiring a host of benefits in our society, including such items as a passport, a driver's license, a social security number, a voter's registration card, a marriage certificate, and perhaps even a line of credit. Again, the fictitious nature of the public office affixed to the birth certificates cannot defeat this element of the crime. See generally, R. Perkins, Criminal Law 342-44 (2d ed. 1969).
Third, the birth certificates herein were, without question, made with an intent to injure or defraud those people who might be induced to issue the above benefits based upon the presentation of such certificates. The information here quite correctly alleges such people to be unknown to the state attorney. The fact that such people were not, in fact, injured or defrauded due to the skillful undercover police work in this case cannot defeat this element of the crime. Indeed, the defendant upon this appeal makes no contention that this element was not satisfied in the instant case.
The order under review is, accordingly, reversed and the cause is remanded to the trial court for further proceedings.
NOTES
[1] The New York State Department of Health, together with a number of local offices known as Registrars of Vital Statistics, have the duty of registering all births in the State of New York. N.Y. Public Health Law §§ 200, 4100, 4120, 4121, 4130 (McKinney 1977). Although the birth certificates herein correctly refer to the Department of Health, they purport to be certified by the State Registrar  when, in fact, there is no such public office in New York. It should be noted, nonetheless, that the use of such terms on the birth certificates as "Bureau of Vital Statistics," "Department of Health" and "State Registrar" bear enough semblance to the correct public offices involved as to be entirely deceiving to the reasonable observer.
[2] It was also argued below that there was no intent to injure or defraud another because of the fact  also conceded to be true by the state in its traverse  that an undercover police officer purchased the subject birth certificates from the defendant with advance police funds and was not defrauded thereby. That argument, however, has been abandoned by the defendant on appeal and has no merit, in any event, as it is not necessary to the crime of forgery that anyone be actually injured or defrauded  the intent to injure or defraud being the essence of the offense in this regard. Hepburn v. Chapman, 109 Fla. 133, 149 So. 196, 200 (1933).