COBB, Judge.
The appellant, John Gadson, was convicted of forgery. He appeals, contending the state failed to prove the element of intent. We agree, and reverse.
The conviction here appealed resulted from Count VI of the information filed against Gadson, which read:
CHARGE: FORGERY, in violation of F.S. 831.01.
SPECIFICATIONS OF CHARGE: In that JOHN L. GADSON a/k/a DEWEY McLEMORE, on or about the 10th day of February, 1983, within Volusia County, Florida, did then and there falsely make or forge a BILL OF SALE and DIVISION OF MOTOR VEHICLE TAG FORM, with the intent to injure or defraud HAMILTON AUTO SALES, INC., and divers other persons.
The elements of the statutory offense of forgery[1] are: (1) that there be a falsely made or materially altered written instrument of a specified class; (2) that the writing be of such a character that, if genuine, it might apparently be of legal efficacy for injury to another, or the foundation of a legal liability; and (3) that the writing must be made with a specific intent to injure or defraud. Brown v. State, 426 So.2d 76 (Fla. 1st DCA 1983); State v. Escobedo, 404 So.2d 760 (Fla.3d DCA 1981), review denied, 412 So.2d 464 (Fla.1982). Gadson does not dispute that the state satisfied the first two elements of the charge. However, he contends the state failed to establish a prima facie case regarding the element of intent to defraud or injure.
At trial, the state presented the following evidence relating to the forgery charge: On February 10, 1983, Gadson went to Virgil Hamilton’s car dealership where he inquired about a Chevrolet van. After Gadson test-drove the car, he gave Hamilton a $100.00 cash deposit and Hamilton wrote out a bill of sale for $1,550.00. Later that same day, Gadson returned with $1,430.00 in cash, which amount, plus the $100.00 deposit, Hamilton accepted as the purchase price. To reflect the actual price paid, Hamilton changed the amount written on the bill of sale from $1,550.00 to $1,530.00. Gadson showed Hamilton his license, which bore the name “Dewey *994 McLemore,” and Hamilton referred to the license in filling out the bill of sale, the Division of Motor Vehicle In-Transit Tag Form and the Certificate of Title. Gadson signed the bill of sale on the buyer’s signature line, “Dewey McLemore.” Gadson also signed the In-Transit Tag Form on the “signature of applicant” line, “Dewey McLemore” and apparently used the same signature for the certificate of title. Hamilton indicated that the In-Transit Tag Form serves as a temporary registration and requires the buyer’s signature. On cross-examination, Hamilton stated that he did not feel defrauded or injured because he made a profit from the sale, even though Gadson’s real name was not “Dewey McLemore.” Another state witness, a Florida Highway Patrolman, testified, inter alia, that when he asked Gadson, who was in the van parked on a roadside, for identification, Gadson showed him a driver’s license, a Certificate of Title and an In-Transit Tag Form, all bearing the name “Dewey McLemore.”
The foregoing testimony was the only evidence which the state presented regarding the forgery charge, and at the close of the state’s case in chief, defense counsel moved for a judgment of acquittal on that charge. He argued that the state failed to establish the element of intent to defraud or injure. The court denied the motion. It also denied defense counsel’s renewed motion at the close of all the evidence.
To counter Gadson’s contention that the state failed to prove intent because Hamilton neither suffered harm nor felt defrauded, the state cites Hepburn v. Chapman, 109 Fla. 133, 149 So. 196 (1933), wherein the court recognized, “[I]t is not necessary to the crime of forgery that injury should have resulted to anyone; the intent to defraud being the essence of the offense in this regard.” Id. 149 So. at 200. The state maintains the intent element was established because both the bill of sale and the In-Transit Tag Form could deceive members of the public, e.g., using them as proof of car ownership to obtain credit. But the state did not offer evidence in this regard, nor did it make such argument at trial. Such speculation as to intended injury or fraud cannot support the third element necessary to establish the crime of forgery.
REVERSED.
DAUKSCH and COWART, JJ., concur.

. Section 831.01, Florida Statutes (1983), provides:
Forgery.-Whoever falsely makes, alters, forges or counterfeits a public record, or a certificate, return or attestation of any clerk or register of a court, public register, notary public, town clerk or any public officer, in relation to a matter wherein such certificate, return or attestation may be received as legal proof; or a charter, deed, will, testament, bond, or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange or promissory note, or an order, acquittance, or discharge for money or other property, or an acceptance of a bill of exchange or promissory note for the payment of money, or any receipt for money, goods or other property, or any passage ticket, pass or other evidence of transportation issued by a common carrier, with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.