HUBBART, Judge.
This is an appeal by the defendant John M. Parker from a final judgment of conviction and sentence for uttering a forged instrument [§ 831.02, Fla.Stat. (1991) ] imposed below upon a nolo contendere plea. In the trial court, the defendant expressly reserved for appeal the dispositive issue of whether the trial court erred in denying the defendant’s sworn motion to dismiss filed pursuant to Fla.R.Crim.P. 3.190(c)(4). We conclude that the trial court did not err in denying the defendant’s motion to dismiss and affirm.
It appears without material dispute that the defendant, a member of the Florida Bar, sent his client in a maritime personal injury action several fictitious court orders containing the forged signatures of two circuit court judges in Dade County, Florida; these fictitious court orders purported to continue the subject maritime action which, in fact, had previously been dismissed for lack of prosecution. These orders were sent by the defendant to his client so as to deceive the client into believing that the action was still pending; the action, however, had long since been dismissed for lack of prosecution and could not be refiled as the statute of limitations on the action had run. Contrary to the defendant’s argument, we conclude that this undisputed evidentiary showing constitutes a prima facie case of uttering a forged instrument under Section 831.02, Florida Statutes (1991) against the defendant.
First, we conclude that the forged, fictitious court orders are instruments of purported legal efficacy which may not be knowingly uttered or published as true with requisite criminal intent under Section 831.01, Florida Statutes (1991). This is so because each of these orders constitute “a ... forged ... record ... or other writing mentioned in s. 831.01....” § 831.02, Fla.Stat. (1991), namely, “a public record.” § 831.01, Fla. Stat. (1991). The fact that none of the subject false and forged instruments, uttered knowingly and purporting to be public records, were actually filed with the circuit court in the maritime action below is of no moment *1107 as there is no requirement that a forged public record actually be filed with the court; it is sufficient if, as here, the forged instrument is entirely fictitious and is passed off, as here, as an official public record. Clearly, the fictitious orders in this case look entirely authentic and contain the purported signatures, although forged, of two sitting circuit judges in Dade County; as such, the subject instruments have on their face apparent legal efficacy and are clearly covered by the uttering a forged instrument statute. See State v. Escobedo, 404 So.2d 760, 765 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 464 (Fla.1982); State v. Rosborough, 156 La. 1049, 101 So. 413 (1924). See generally Rollin M. Perkins & Ronald N. Boyce, Criminal Law ch. 4 § 8, at 416 (3d ed. 1982); 4 Wharton’s Criminal Law § 510, at 141-45 (Charles E. Torcia 14th ed. 1981).
Second, we conclude that the requisite statutory “intent to injure or defraud any person” under Section 831.02, Florida Statutes (1991) has been shown in this case. Although the defendant may have had no intent to defraud his client of any money or property, as urged, the undisputed evidence shows that the defendant clearly intended to “injure” his client within the meaning of the above statute. Without question, the defendant was attempting to cover his tracks by deceiving his client into believing that the dismissed maritime action was still pending and thus stave off an inevitable legal malpractice suit for allowing the case to be dismissed for lack of prosecution; by so doing, he clearly intended “to injure” his client through this coverup so that the client would not assert an undoubted valuable legal right to sue the defendant for legal malpractice. Green v. State, 76 So.2d 645 (Fla.1954); Davis v. State, 111 So.2d 459 (Fla. 1st DCA 1959); see Hepburn v. Chapman, 109 Fla. 133,143,149 So. 196, 200 (1933); Hawkins v. State, 28 Fla. 363, 369, 9 So. 652, 653 (1891).
Affirmed.