IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TABITHA JOY LEWIS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4871

Opinion filed December 16, 2014.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Charles R. McCoy, Senior Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      We reverse Tabitha Joy Lewis' forgery conviction, because the state failed to present sufficient evidence of intent to injure or defraud, as required under section 831.01, Florida Statutes.

The charge alleged that Ms. Lewis had forged a court order in the course of divorce proceedings between herself and James Lewis. Mr. Lewis was granted temporary sole custody of the parties' son, and Ms. Lewis subsequently went to Mr. Lewis' home to ask him to give her custody of the child. Mr. Lewis refused, and Ms. Lewis left. However, she returned later the same night and broke into Mr. Lewis' house and assaulted him. She was arrested for the break-in, and the car she had driven to Mr. Lewis' house was impounded.

One to two days later, Mr. Lewis went to an impound lot to retrieve the car.[1] He searched the interior of the vehicle, which he described as "kind of messy." On the rear driver's side floorboard, in a satchel containing a nondescript folder holding various documents, he found what appeared to be a court order. It was titled "Order To Pick Up Minor Child(ren)," and was in the form of Florida Family Law Form 12.941(e), with pertinent information filled in and captioned in the style of the pending dissolution action between the parties. It contained a signature block with the name of the presiding judge in the dissolution proceeding typed in a script font. The order was dated July 5, 2012, and purported to grant temporary custody of the party's son to Ms. Lewis.

---

[1]Ms. Lewis had driven the car during the marriage, but Mr. Lewis owned it.

Mr. Lewis gave the document to his attorney, who brought it to the attention of the judge at the next scheduled hearing in the dissolution action. On questioning by the judge, Ms. Lewis admitted that she had created the order on a computer, from a form she had found on the internet. She said she was "just playing around with it" and never intended to use the document.

The state subsequently charged her with forgery for having created the illegitimate court order. At jury trial, the state introduced into evidence a video of the hearing in the dissolution proceeding, in which the defendant admitted to preparing the order.

At the close of the state's case-in-chief, the defendant moved for judgment of acquittal, arguing that the state had failed to present sufficient evidence of intent to injure or defraud, as required under the statute. The court denied the motion, finding that, from the defendant's admission that she wanted to get custody of her son, the jury could infer that she had left the falsified order in the car with the intent that, if Mr. Lewis were to find it, he would believe it to be legitimate and that he was required to hand over custody of the child to her.

Ms. Lewis then took the stand in her own defense. She testified that, after losing custody of her son, she had hoped the trial court would reconsider and allow her to have custody again. She stated that she recalled having previously seen her

husband's attorney present a proposed order to the trial court during the dissolution and custody proceedings and that she had drafted the subject document in an attempt to be prepared if the trial court were to grant her custody at the next scheduled hearing. She testified that, in drafting the document, she used a type font from a word processing program to write "\s\ John L. Miller." She tried to make the signature resemble other orders she had seen but she assumed that "if it was typed, it wasn't his signature." Ms. Lewis further testified that she fantasized about regaining custody of her son, that drafting the order made her feel a little better, and that she never showed the document to anyone or used it in any way.

The jury found the defendant guilty, and the trial court sentenced her to five years in prison.

Section 831.01, Florida Statutes provides in pertinent part, "Whoever falsely makes, alters, forges or counterfeits a public record [of] . . . any public officer . . . with intent to injury or defraud any person, shall be guilty of a felony of the third degree . . . ." Falsified court orders are one kind of document that falls under the purview of the forgery statute, section 831.01, because they constitute forged public records. See Parker v. State, 658 So. 2d 1105 (Fla. 3d DCA1995). The statute expressly requires proof of intent to injure or defraud; it creates no presumption of intent from the mere creation of a falsified document.

Lewis correctly argued in her motion for judgment of acquittal that the state had presented insufficient evidence that she had intended to injure or defraud anyone by use of the order. Indeed, the only evidence of intent was her own statements that she never intended to actually dupe anyone with the order and that she never gave it to anyone or tried to pass it off as genuine.

The trial court's denial of Lewis' motion for judgment of acquittal was based on the evidence that she had created the document and left it in the car after she lost custody of her child and that she had admitted to wanting to re-obtain custody. From these facts, the court found that a jury could infer that Ms. Lewis had left the document in the car, intending her husband to find it, believe it was real, and surrender custody of the child based on the falsified order. But these supposed inferences were no more than speculation on the part of the trial court, which cannot substitute for actual proof of intent.

There was no evidence that the defendant ever attempted to pass the document off as a court order signed by the judge or that she even mentioned the document to her husband. A finding of intent must be based not on mere speculation, but on actual evidence that the defendant took some action in furtherance of her intent to injure or defraud another with the bogus court order (as by actually passing it of as a valid order). <u>See</u>, <u>e.g.</u>, <u>Parker v. State</u>, 658 So. 2d

1105 (Fla. 3d DCA1995) (explaining that not only creating, but in fact doing something to further the "intent to injure or defraud a person" with a bogus court order is a necessary part of forgery and that it is necessary that the forged instrument have been "passed off . . . as an official public record"); Gadson v. State, 451 So. 2d 992 (Fla. 5th DCA 1984) (rejecting state's argument that intent element of forgery was established merely because automotive purchase documents containing false signature by defendant could potentially deceive members of the public; noting that state did not offer any evidence of such deception and explaining that speculation as to intended injury or fraud cannot support the intent element necessary to establish the crime of forgery). Given the lack of such evidence of intent in the present case, the trial court should have granted Lewis' motion for judgment of acquittal.

The state insists that the jury could have inferred from the mere fact that Ms. Lewis admitted having created the document that she intended to present it to police to induce them to pick up her child and transfer custody to her. But this, too, is pure speculation. Because the state in the present case failed to present direct or circumstantial evidence of intent to defraud or injure or of some action amounting to passing off the false court order as genuine, it failed to present

sufficient evidence of intent to prove the charge of forgery. We therefore reverse and remand for entry of judgment of acquittal.

REVERSED AND REMANDED.

VAN NORTWICK, PADOVANO, and MARSTILLER, JJ., CONCUR.